481 So.2d 548 (1986)
In the Interest of R.W., C.A.W., M.I.W., C.P., M.E.P., and A.P.
Mary POLLOCK N/K/a Mary Hayes, Appellant,
v.
DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Appellee.
No. 84-1414.
District Court of Appeal of Florida, Fifth District.
January 9, 1986.
*549 Michael S. Wilson, Altamonte Springs, for appellant.
Gerry L. Clark and Douglas E. Whitney, Dist. Counsel, Dept. of H.R.S., Orlando, for appellee.

ON MOTION FOR REHEARING
COBB, Chief Judge.
The appellant, Mary Pollack, has moved for rehearing. In our original opinion herein, we found that the issue of the constitutionality of section 39.41(1)(f)(3)(b), Florida Statutes (1983),[1] was not raised below; hence, we did not consider it. Upon further reflection and review of the record, we conclude the issue was properly preserved. In any event, the statute is fundamentally defective and unjust insofar as it permits the severance of a parent's rights solely because of that parent's failure to substantially comply with a performance agreement drafted by an H.R.S. worker, and could be reviewed on that basis alone. See Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941). The statute sets forth no standards or guidelines for performance agreements; it leaves the substance of such agreements entirely to the whims and caprices of the individual social worker who drafts them. This alone renders it a patently unconstitutional delegation of legislative power. See Florida Home Builders Assn. v. Division of Labor, Bureau of Apprenticeship, 367 So.2d 219 (Fla. 1979).
It is one thing to base severance on abuse, neglect or abandonment; it is quite another to base it solely on breach of a performance agreement, which is the factual situation in the instant case.[2] Only by clear and convincing evidence of neglect, abuse or abandonment by the natural parent can the parental relationship be validly severed by the state. Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).
We grant rehearing, declare section 39.41(1)(f)(3)(b) facially unconstitutional, vacate our prior opinion, and reverse the judgment below.
REVERSED.
UPCHURCH, J., and LEE, R.E., Associate Judge, concur.
NOTES
[1] Section 39.41(1)(f)(3)(b), Florida Statutes (1983), states:

(1) When any child is adjudicated by a court to be dependent, the court having jurisdiction of the child shall have the power, by order, to:
* * * * * *
(f) 1. Permanently commit the child to the department or a licensed child-placing agency willing to receive the child for subsequent adoption if the Court finds that it is manifestly in the best interests of the child to do so, and:
* * * * * *
b. If the parent or parents have failed, upon expiration of a performance agreement entered into under s. 409.168, to comply substantially with such agreement. If the court finds that the failure to comply with the performance agreement is the result of conditions beyond the control of the parent or parents, such failure shall not be used as grounds for permanent commitment.
[2] It is expressly conceded by HRS that severance in this case was based solely on violation of a performance agreement and not on abuse, abandonment or neglect.