543 So.2d 1317 (1989)
Thomas PADGETT and Mary Hartline Padgett, Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
Nos. 88-1845, 88-1846.
District Court of Appeal of Florida, Fifth District.
June 1, 1989.
Lawrence J. Semento of Lawrence J. Semento, P.A., Eustis, for appellant Thomas Padgett.
Mark A. Nacke of Merritt and Watson, P.A., Eustis, for appellant Mary Hartline Padgett.
Linda K. Harris, Dist. III Legal Counsel, for appellee.
COBB, Judge.
W.L.P., the minor child herein at issue, was taken from his parents immediately after his birth in December, 1985, through an HRS dependency proceeding. He has since remained in foster care. The final order of permanent commitment was entered in August, 1988; it is the subject of this appeal.
At the termination hearing, clear and convincing evidence was presented that W.L.P. would be subject to abuse and neglect if left with his natural parents, who had been guilty of these offenses with other children. There was no such evidence that the parents had ever been guilty of such abuse or neglect[1] directed against *1318 W.L.P. since they never had physical custody of him.
The clear legal issue in this case, then, is the viability of the concept of "prospective" abuse and/or neglect, a concept which we noted in Spankie v. Department of Health and Rehabilitative Services, 505 So.2d 1357 (Fla. 5th DCA 1987), review denied, 513 So.2d 1063 (Fla. 1987), and which was adopted in In the Interest of J.L.P., 416 So.2d 1250 (Fla. 4th DCA 1982). See also, In the Interest of W.D.N., 443 So.2d 493 (Fla. 2d DCA 1984). The dissent in Spankie contended that such "prospective" misconduct is speculative and, therefore, legally insufficient to support a judgment severing parental rights.
In accordance with J.L.P. and W.D.N., we affirm the instant judgment, and certify the question of "prospective" abuse, neglect or abandonment under Chapter 39 to be one of great public importance pursuant to Article V, section 3(b)(4), Florida Constitution.
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] HRS argues that the parents' noncompliance with all of the terms of a performance agreement, as subjectively evaluated by HRS, equates with neglect under section 39.464(3), Florida Statutes (1987). We cannot accept this argument because of its constitutional infirmities, as explained in In the Interest of R.W., 495 So.2d 133 (Fla. 1986) and In the Interest of R.W., 481 So.2d 548 (Fla. 5th DCA 1986). See also, Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).