COWART, Judge,
dissenting.
This is an appeal by a natural father from an order permanently terminating his parental rights to his two children.
The father in this case was never married to his children’s mother and never had, and therefore, never neglected the actual personal care of his children. Their mother had possession, custody and personal care and control of the children until, because of her action, the children were adjudicated dependent. The primary reason the father’s rights were terminated was because he did not have, and could not acquire, the special parenting ability required by a performance agreement.[1] In this case, no effort was ever made to have the amount of the father’s obligation to pay monetary support set and judicially enforced.
Children need food, housing, clothing and other necessities, such as personalized care. Some parents have superior natural talents and abilities to provide personalized child care, others have greater ability to earn money that can be used to supply the needs of children; some have much of both, while others have little of either. Child rearing and money earning both take time and energy but involve different abilities. In the great majority of dissolved marriages, the mother is given actual custody with the resulting duty to provide personal care while the father’s parental duties and obligations are fixed and expressed in the form *603 of periodic payments of money for child support. Surely the many fathers who may have the ability to earn money to buy necessities but who may not have the additional time and aptitude needed to also personally care for their children have the duty and the right, and should have the opportunity, to meet their parental obligation by providing judicially set monetary support before having their parental rights forfeited and permanently terminated and the obligation to support their children placed on taxpayers and strangers. Even when the Florida Department of Health and Rehabilitative Services takes possession, custody and control of dependent children and, as institutional parent, undertakes to provide child care it becomes a matter of money paid to foster parents who provide the housing, food, clothing and personal care the children need. The State (HRS) itself does not have child rearing abilities and uses tax money to buy it yet it regularly seeks to permanently terminate a father of his parental rights because he, like the State, does not have personal child rearing capabilities and this is done in lieu of enforcing the father’s duty to pay for the support of his children and without giving him the opportunity to meet his children’s needs in the same way the State and a divorced non-custodial parent does — by paying a share of the children’s support and care. A parent’s rights should not be forfeited and permanently terminated until the state has proven by clear and convincing evidence a willful, persistent and contumacious failure to pay child support in an amount judicially determined to be within the parent’s ability to pay.[2]

. The Florida Supreme Court, in In the Interest of R.W., 495 So.2d 133 (Fla.1986), following a case from this court (In the Interest of R. W., 481 So.2d 548 (Fla. 5th DCA 1986)), held that because statutes set no real standards or guidelines for performance agreements which were largely drafted at the discretion of a social worker, the failure to perform such an agreement could be the basis for temporarily terminating parental custody, but that failure to perform such "an agreement cannot be the sole basis for permanently terminating a parent’s fundamental right to custody of his or her children. Nevertheless, cases involving terminations of parental rights still continually come before this court for review in which there is no real evidence of the parent’s actual abandonment, abuse or neglect and the substance of the termination is the failure to have, and the inability to acquire, parenting “skills” required by the social worker drafting the particular performance agreement.

. Parental rights should not be terminated for the failure to provide that which, because of limited ability or opportunity, the parent is unable to provide. See In the Interest of B. W., 498 So.2d 946 (Fla.1986).