W. SHARP, Judge.
Howard appeals from a judgment which terminated his parental rights to his four children. We reverse because the evidence presented at the termination hearing is insufficient to constitute clear and convincing evidence of abandonment.[1]
The evidence presented below established that Howard and the natural mother had severe marital problems which resulted in their separation, and ultimately their dissolution of marriage. In September of 1991, Howard left the marital residence with two of the children. He had no apartment and no immediate way of obtaining adequate living arrangements for the children. He asked the department to care for the children temporarily until he could obtain an apartment and properly care for them. The department took the children, and later that same day, removed the other two children from the mother’s custody. The four children were subsequently declared dependent and placed in foster care.
During the next two years while Howard and the children’s mother were living together and apart, Howard complied with many of the mandates of two performance agreements he entered into with the department.[2] *202 Howard was sporadically employed, primarily due to his lack of skills, and illness. Ultimately, he was hospitalized for surgery, which involved the removal of two clusters of aneurysms from his brain. Within two weeks after Howard was released from the hospital, he was served with the petition for permanent termination.
The trial court found that Howard had abandoned his children for a substantial period of time between April 1993 and July 1993, that there was no substantial compliance with the performance agreement,[3] and that “[a]ll of the requirements of section 39.467(2) and (3) had been met.”
Section 39.467(3) requires the state to prove with clear and convincing evidence a basis for termination of parental rights. See also Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). The grounds upon which parental rights may be terminated are set out in section 39.464,[4] and termination is warranted if any of the elements of that section are met.[5] If a performance agreement has been offered, the failure to substantially comply with that agreement is evidence of abuse, abandonment or neglect, unless the court finds that failure to' comply is due to the parent’s “lack of financial resources.”[6] In this case, the trial court did not find that Howard’s failure to comply (if indeed there was such a failure), was due to a lack of financial resources.
However, this record does not contain clear and convincing evidence of implied or actual abandonment, as defined by the statute. Actual abandonment is defined in section 39.464(2).[7] It requires the physical absence of a parent whose whereabouts are unknown, a situation not present here. The statute also specifies that abandonment, after acceptance of a performance agreement (as occurred in this case), must have lasted for a period of six months or more. § 39.464(5), Fla.Stat. (1993). In this case, the final judgment specifically found that Howard “abandoned” his children for a period of only four months; “between April 1993 and July 1993.”
REVERSED.
COBB J., concurs.
GRIFFIN, J., concurs in part; dissents in part with opinion.

. § 39.467(3), Fla.Stat. (1993).

. Two performance agreements were executed by Howard. The first one was jointly executed by Howard and the mother during that period of time they were living together. When they permanently separated and sought to dissolve their *202 marriage, the department had each party execute a separate performance agreement.

. Failure to comply with a performance agreement, standing alone, is insufficient to terminate final rights. In Interest of R.W., 495 So.2d 133 (Fla. 1986).

. Subsection (1) pertains to voluntary relinquishment; subsection (2) pertains to actual abandonment; and subsections (3), (4) and (5) provide in relevant part:
(3) SEVERE OR CONTINUING ABUSE OR NEGLECT. — The parent or parents have engaged in conduct towards the child ... that demonstrates that the continuing involvement of the parent or parents in the parent-child relationship threatens the life or well-being of the child....
(4) EGREGIOUS ABUSE. — The parent or parents have engaged in egregious conduct that endangers the life, health, or safety of the child or sibling, or the parents have had the opportunity and capability to prevent egregious conduct....
(5)ABUSE, NEGLECT OR ABANDONMENT. — After a performance agreement, permanent placement plan, or offer of service ... has been accepted by the parent or parents, the child is abused, neglected, or abandoned for 6 months or more....

. § 39.467(3)(a)2, Fla.Stat. (1993).

. § 39.467(3)(e), Fla.Stat. (1993).

. Section 39.464(2), provides:
The identity or whereabouts of the parent or parents are unknown and cannot be ascertained by diligent search within 60 days. The department shall specify by rule the procedures constituting a diligent search. A performance agreement or permanent placement plan need not be offered to the parent or parents, and the petition may be filed at any time before a performance agreement or permanent placement plan has been accepted by the court.