PER CURIAM.
The Florida Bar’s Juvenile Court Rules Committee (Committee) has filed an out-of-cycle, fast-track report of proposed amendments to the Florida Rules of Juvenile Procedure that conform the rules and forms to recent legislation. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
The Committee proposes amendments to rules 8.820 (Hearing), and 8.825 (Order and Judgment), and forms 8.947 (Disposition Order — Delinquency), 8.987 (Petition for Judicial Waiver of Parental Notification of Termination of Pregnancy), and 8.990 (Final Order Granting Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy). The Committee also proposes new rule 8.840 (Remand of Proceedings), and replacing existing form 8.992 (Clerk’s Certificate Pursuant to Section 390.01114(4)(b), Florida Statutes) with new form 8.992 (Minor’s Petition to Chief Judge to Require a Hearing on Her Petition for Judicial Waiver of Notice). The proposals are in response to recent amend *217 ments to sections 39.01114(4), 985.47, and 985.441, Florida Statutes (2010). See ch.2011-54, § 1, Laws of Fla. (amending § 985.441, Fla. Stat.); eh.2011-70, § 4, Laws of Fla. (amending § 985.47, Fla. Stat.); ch.2011-227, § 1, Laws of Fla. (amending § 39.01114(4), Fla. Stat.). The amendments to sections 985.47 and 985.441 became effective July 1, 2011. See ch.2011-54, § 5, Laws of Fla.; ch.2011-70, § 15, Laws of Fla. The amendments to section 390.01114(4) became effective October 1, 2011. See ch.2011-227, § 3, Laws of Fla. The Executive Committee of the Florida Bar Board of Governors approved the proposals by a vote of 11-0.
After considering the Committee’s proposals and reviewing the relevant legislation, we adopt the proposed amendments, with a modification to the amendments to form 8.990 (Final Order Granting Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy). The amendments to form 8.990 implement amendments to section 390.01114(4), Florida Statutes, made by chapter 2011-227, section 1, Laws of Florida. The Committee proposes that the lead-in paragraph in the form for the list of factors the court must consider, under amended section 390.01114(4)(c), in determining whether a minor is sufficiently mature to decide whether to terminate her pregnancy provide:
The court has considered the following factors in reaching this decision that notification of a parent or guardian is not in the best interest of the minor and makes the following findings:
The minor’s age is.
The minor’s overall intelligence indicates .
The minor’s emotional development and stability indicates.
The minor’s credibility and demeanor as a witness indicate .
The minor’s ability to accept responsibility is demonstrated by.
The minor’s ability to assess both the immediate and long-range consequences of the minor’s choices is demonstrated by.
The minor’s ability to understand and explain the medical risks of terminating her pregnancy and to apply that understanding to her decision is indicated by.
Whether there may be any undue influence by another on the minor’s decision to have an abortion .
(Emphasis added.) Because the factors being added to the form must be considered in connection with a maturity finding, under section 390.01114(4)(c), rather than a best interests finding, under section 390.01114(4)(d), we modify the new paragraph to read:
The court has considered the following factors in reaching this decision that the minor is sufficiently mature to decide whether to terminate her pregnancy and makes the following findings:
Accordingly, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is underscored, and deleted language is struck through. These amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file com *218 ments with the Court.[1]
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 8.820. HEARING
(a)-(b) [No Change]
(c) Burdens of Proof.
(1) A finding that the minor is sufficiently mature to decide whether to terminate her pregnancy requires proof by clear and convincing evidence.
(2) A finding that the minor is a victim of child abuse or sexual abuse inflicted by one or both of her parents or a guardian requires proof by a preponderance of the evidence.
(3) A finding that notification of a parent or guardian is not in the best interest of the minor requires proof by a preponderance of the clear and convincing evidence.
(d) Time Limits. As provided by section 390.01114(4)(b), Florida Statutes:
(1)Cases commenced under this rule take precedence over other pending matters as necessary to ensure that the court can make its ruling and issue written findings of fact and conclusions of law within 48 hour-s3 business days of the filing of the petition. The term “48 hours” as used in this section means exactly 48 hours from the filing of the petition and specifically-includes weekends — holidays'and times after regular business hour-s-of the court.
(2) The 48-hour3-business-day time limit may be extended at the request of the minor; however, the court remains under an obligation to rule on the petition as soon as practically possible.
(3) If the court fails to rule within the 48-hour3-business-day period and an extension has not been requested by the minor, the petition shall — be- deemed gr-anted and-the clerk shall- issue the minor-a certificate-indieating the notice requirement is- waived-pur-suant to [section] 390.01114(4)^)⅜ Florida- Statutes the minor may immediately thereafter petition the chief judge of the circuit for a hearing. The chief judge must ensure that a hearing is held within 48 hours after receipt of the minor’s petition, and an order is entered within 24 hours after the hearing.
(e)[No Change]
RULE 8.825. ORDER AND JUDGMENT
At the conclusion of the hearing, the court shall issue written and specific findings of fact and conclusions of law in support of its decision, including findings of fact and conclusions of law relating to the maturity of the minor, and order that a confidential record be maintained.
RULE 8.840. REMAND OF PROCEEDINGS
In the event the minor appeals a determination by the circuit court under these *219 rules and the appellate court remands the matter to the trial court, the trial court must enter its ruling within 3 business days after the remand.
[[Image here]]
*220 [[Image here]]
*221 [[Image here]]
*222 [[Image here]]
*223 [[Image here]]
*224 [[Image here]]
*225 [[Image here]]
*226 [[Image here]]
*227 [[Image here]]
*228 [[Image here]]
*229 [[Image here]]
*230 [[Image here]]
*231 [[Image here]]

. An original and nine paper copies of all comments must be filed with the Court on or before December 19, 2011, with a certificate of service verifying that a copy has been served on the committee chair, Joel Michael Silvershein, 201 SE 6th Street Suite 660, Fort Lauderdale, Florida 33301-3334, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until January 9, 2012, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court’s administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).