ALTENBERND, Judge.
L.J.G.-C. appeals his disposition order in this juvenile delinquency proceeding. L.J.G.-C. received a withheld adjudication of delinquency and a term of juvenile probation. The State concedes an error in the disposition. In addition, the disposition order is not consistent with Florida Rule of Juvenile Procedure Form 8.947.
L.J.G.-C. damaged a statue at a church in December 2011. The State filed a petition for delinquency alleging that the juvenile had committed third-degree felony criminal mischief under section 806.13(2), Florida Statutes (2011). At the adjudicatory hearing in this case, the State established that L.J.G.-C. had damaged the statue but it failed to prove that the damage to the property was “greater than $200,” as required to establish this third-degree felony delinquent act. See § 806.13(2). The court found that L.J.G.C. had committed this delinquent act. It withheld adjudication, placing L.J.G.-C. on probation. The State concedes that the felony amount of damages was not established. As acknowledged by the State, this case must be remanded for a disposition that is based on a finding that the juvenile committed a delinquent act by violating section 806.13(l)(b)(l) as a result of his damage to property in the amount of “$200 or less,” which is a second-degree misdemeanor. Thus, the error in this case affects both the description of the delinquent act in the disposition order and the term of probation.
We note that the disposition order on appeal in this ease is unusual. It is not consistent with Form 8.947. In fact, it bears little resemblance to Form 8.947 and it contains numerous handwritten entries that are difficult to decipher. It is at least possible that this order was intended to be a courtroom draft document that would be replaced with a standard order. On remand, when the court corrects this disposition order it shall do so on a form consistent with Form 8.947.[1]
The determination that L.J.G.-C. committed a delinquent act is affirmed. The *722 disposition order is reversed for proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
KHOUZAM and SLEET, JJ., Concur.

. We note that the form in effect when L.J.G.C. committed this delinquent act differs from the form currently in effect. Compare In re Amendments to Fla. Rules of Juvenile Procedure, 75 So.3d 216 (Fla.2011) (amending Form 8.947 effective October 20, 2011), with In re Amendments to Fla. Rules of Juvenile Procedure, 115 So.3d 286 (Fla.2013) (amending Form 8.947 effective July 1, 2013).