ROWE, J.,
dissenting on denial of hearing en banc.
I respectfully dissent from the decision of the Court to deny rehearing en banc. This case affects the fundamental legal and constitutional rights of parents in this State to receive notice that their minor child is seeking an abortion. Art. X, § 22, Fla. Const.; § 390.01114, Fla. Stat. (2013). The people of Florida considered this right so fundamental that they voted by a majority of 64.7% to secure the right through passage of an amendment to the state constitution. See Fla. Dep’t of State, Div. of Elections, http://election.dos.state.fl.us/ elections/resultsarchive/Index.asp? Elec-tionDate=11/2/2004. For this reason, I believe this case is one of exceptional importance and meets the criteria for en banc consideration by the Court.
Florida Rule of Appellate Procedure 9.331 provides that district courts may order rehearing en banc if (1) it is necessary to maintain uniformity in the decisions of the court or (2) if the case is one of exceptional importance.[2] Exceptional importance is left undefined in the rule, and only a handful of Florida decisions expressly address the factors which may render a case “exceptionally important.” See Ortiz v. State, 24 So.3d 596, 618 (Fla. 5th DCA 2009) (Cohen, J., dissenting) (“The term ‘exceptional importance’ is not defined in the rules of appellate procedure, yet every member of this court realizes that only a select few cases will ever meet this threshold.”). The Fifth District has noted that cases have been deemed exceptionally important when the original panel decision conflicted with a rule of law announced by the supreme court or another district court, when the case was important to the jurisprudence of the State as a judicial precedent, or when the decision impacted a large share of the community. Id. The Third District has suggested that cases should be subject to en banc review only if:
(1) the outcome of the case (or its notoriety) is of greater moment or impact within the community rather than its effect upon the law of the state, and either (a) the case is important beyond the effect it will have on the litigants or (b) will affect the ability of other potential litigants to seek their own remedies, or (2) the outcome of the case may reasonably and negatively influence the public’s perception of the judiciary’s ability to render meaningful justice.
*754 Univ. of Miami v. Wilson, 948 So.2d 774, 791 (Fla. 3d DCA 2006) (emphasis in original); see also Fla. Dep’t of Agric. & Consumer Servs. v. Lopez-Brignoni, 114 So.3d 1135, 1136 (Fla. 3d DCA 2013) (Logue, J., dissenting).
This Court has not expressly articulated standards for determining whether a case is exceptionally important. See Childers v. State, 936 So.2d 585, 610-14 (Fla. 1st DCA 2006) (Ervin, J., concurring and dissenting). However, we have previously held that a case addressing the termination of parental rights was one of exceptional importance because it affected the rights of parents and children in this State. In the Interest of D.J.S., 563 So.2d 655, 657 (Fla. 1st DCA 1990)(en banc) (reviewing en banc a one-paragraph per curiam opinion reversing a trial court’s order terminating parental rights). In determining that D.J.S. was a case of exceptional importance, we relied on the following principles:
The federal cases interpreting the “exceptional importance” basis for en banc consideration under Rule 35, Federal Rules of Appellate Procedure, suggest two general types of cases that the federal courts have found worthy of en banc review: (1) cases that may affect large numbers of persons, and (2) cases that interpret fundamental legal or constitutional rights. 24 Idaho L.Rev. 255, 265 (1987-1988).
In the related area of cases involving “questions of great public importance,” Article V, Section 3(b)(4), Florida Constitution, the following have recently been certified to the Florida Supreme Court: Adoption of Doe: Doe v. Roe, 543 So.2d 741 (Fla.1989) (prebirth conduct of biological father as related to abandonment), question answered, 543 So.2d 741 (Fla.1989); and Padgett v. Department of Health and Rehabilitative Services, 543 So.2d 1317 (Fla. 5th DCA 1989) (prospective abuse, neglect, and abandonment).
Id. at 657, n. 2. This Court has ordered en banc review on the basis of exceptional importance in numerous cases despite the lack of established criteria; however, we have not necessarily explained why the case was found to meet that standard. See Fla. Carry, Inc. v. Univ. of N. Fla., 133 So.3d (Fla. 1st DCA 2013) (challenging a university regulation prohibiting the storage of a firearm in a vehicle on the university’s property); Westphal v. City of St. Petersburg, 122 So.3d 440 (Fla. 1st DCA 2013) (addressing a constitutional challenge to a worker’s compensation statute); Haridopolos v. Citizens for Strong Schools, Inc., 81 So.3d 465 (Fla. 1st DCA 2011) (discussing a constitutional challenge to the adequacy of the educational system); Hall v. Maal, 32 So.3d 682 (Fla. 1st DCA 2010) (holding that a marital ceremony without a proper license did not constitute a legally cognizable marriage); Floridians Against Expanded Gambling v. Floridians for a Level Playing Field, 945 So.2d 553 (Fla. 1st DCA 2006) (challenging the legality of placing a proposed constitutional amendment on the ballot); Bush v. Holmes, 886 So.2d 340 (Fla. 1st DCA 2004) (discussing whether the Florida Opportunity Scholarship Program violated the state constitution); Brooks v. State, 816 So.2d 199 (Fla. 1st DCA 2002) (analyzing a defendant’s entitlement to a belated appeal); Morris v. State, 789 So.2d 1032 (Fla. 1st DCA 2001) (addressing the sufficiency of verbal conduct to support a conviction for a lewd and lascivious act); State v. Diamond, 553 So.2d 1185 (Fla. 1st DCA 1988) (reviewing the propriety of a trial court’s order directing a child sexual battery witness to submit to a physical examination); Marr v. State, 470 So.2d 703 (Fla. 1st DCA 1985) (reviewing the appropriateness of a jury instruction that, where there *755 were no witnesses to the alleged act, the testimony of a rape victim should be rigidly scrutinized).
This case is exceptionally important because it affects the fundamental legal and constitutional rights of parents to be notified that their minor child is seeking an abortion. Art. X, § 22, Fla. Const.; § 390.01114, Fla. Stat. (2013). In 2004, the parental notification amendment was adopted, requiring parents to be notified before a minor terminated her pregnancy and directing the Legislature to create a process for judicial waiver of the notification requirement. Following passage of the amendment, the Legislature immediately set about enacting statutory requirements to guide the courts in determining whether to grant or deny a waiver of the notification requirement. See Ch.2005-52, § 2, Laws of Fla.
The current version of the statute requires a parent or legal guardian of a minor seeking an abortion to be notified forty-eight to seventy-two hours before the abortion is performed. § 39.01114(2), Fla. Stat. (2013). A minor has a right to seek judicial waiver of the notification requirement under certain circumstances. § 39.01114(4), Fla. Stat. (2013). However, the statute establishes a high evidentiary burden that must be satisfied before a minor seeking an abortion may obtain a judicial waiver. The statute provides a detailed list of factors that must be proven by clear and convincing evidence before the trial court can order waiver of parental notification. § 39.01114(4)(c), Fla. Stat. (2013). A minor must not only prove that she is intelligent and sufficiently mature, but she must also establish by clear and convincing evidence that her parents’ right to be notified that she is seeking an abortion is not in her best interests. In re Amendments to Fla. R. of Juv. P., 75 So.3d 216 (Fla.2011); § 39.01114(4)(d), Fla. Stat. (2013).
As explained by Judge Makar in his dissent from the panel decision, the Florida Legislature amended the Parental Notification of Abortion Act in 2011 to impose a highly deferential standard of appellate review of a trial court’s decision to deny judicial waiver of the parental notification requirement. See Ch.2011-227, § 1, Laws of Fla. Due to the non-adversarial nature of such proceedings, the Legislature required that appellate review of the denial of a judicial waiver be conducted under an abuse of discretion standard, not under a weight of the evidence standard, as had been applied in cases construing earlier versions of this statute. See § 390.01114(4)(b)2„ Fla. Stat. (2013); In re Doe, 46 So.3d 1172 (Fla. 4th DCA 2010) (holding that the sufficiency of the evidence supported the minor’s request for waiver of parental notification); In re Doe, 973 So.2d 548 (Fla. 2d DCA 2008) (holding there was insufficient evidence to show that the minor was sufficiently mature to waive the notification requirement and to show that the waiver was in her best interests). The split panel decision in this case is the first from this Court since the statute was amended to address this highly deferential review standard. Because the panel decision fails to properly apply the statutorily mandated standard of review, I believe that en banc review is warranted. Accordingly, I respectfully dissent from the decision of the majority of this Court to deny rehearing en banc.

. Accordingly, the decision whether to grant en banc review based on exceptional importance centers on whether the case, as opposed to the decision, is one of exceptional importance. See Univ. of Miami v. Wilson, 948 So.2d 774, 788 (Fla. 3d DCA 2006) (Shepherd, J., concurring).