384 So.2d 656 (1980)
IN the INTEREST OF P.S., R.S. and R.S., Minor Children, Appellant,
v.
STATE of Florida, Appellee.
No. 79-423/T4-422.
District Court of Appeal of Florida, Fifth District.
April 23, 1980.
After Remand June 18, 1980.
James R. Auffant, Legal Aid Society of the Orange County Bar Association, Inc., Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Max Rudmann, West Palm Beach, and Michael Barnette, Daytona Beach, Asst. Attys. Gen., for appellee.
COBB, Judge.
The natural mother appeals an order permanently committing her children to the Department of Health and Rehabilitative Services for the purpose of subsequent adoption. Section 39.41(1)(d), Florida Statutes (1979), authorizes a trial court to permanently commit a child to the department for subsequent adoption if the court finds *657 that the parent has abandoned, abused, or neglected the child; and finds that it is manifestly to the best interest of the child to do so. According to the Florida Juvenile Justice Act:
"Abandoned" means a situation in which a parent who, while being able, makes no provision for the child's support and makes no effort to communicate with the child for a period of 6 months or longer. If a parent's efforts to support and communicate with the child during such a 6-month period are, in the opinion of the court, only marginal efforts that do not evince a settled purpose to assume all parental duties, the court may declare the child to be abandoned.
§ 39.01(1), Fla. Stat. (1979) (emphasis added).
In its findings of fact and conclusions of law, the trial court apparently construed the statutory definition of abandonment to also take into consideration the case of a parent who is unable to provide for the child's support or effectively communicate with the child, when the court stated:
The court then finds, based on these facts, that there has been within the meaning of the statutory definition just read an abandonment or neglect, involuntary though it might be on the part of Mrs. Dunn. (emphasis added;.
We read the qualifying phrase "while being able" to exclude a situation of involuntary abandonment. It is not clear whether the trial judge found an abandonment as defined in the statute. Accordingly, we relinquish jurisdiction to the trial court for sixty days with directions to make a specific finding of whether there was or was not abandonment, abuse, or neglect within the contemplation of the statute. Due to the ambiguity in the trial court's finding, we do not decide at this time whether there is sufficient evidence to support a finding of abandonment as defined in the statute.
ORFINGER and SHARP, JJ., concur.

AFTER REMAND
COBB, Judge.
By opinion filed April 23, 1980, this Court relinquished jurisdiction to the trial court with directions to make a specific finding of whether there was abandonment, abuse, or neglect within the contemplation of section 39.01(1), Florida Statutes (1979). In response, the trial court has filed herein an amended order with findings of fact.
The amended order, unlike the original order entered in this cause, comports with the statutory definition of "abandonment," and the trial court's evidentiary finding in this regard is supported by the record. The trial court's amended order is therefore
AFFIRMED.
ORFINGER and SHARP, JJ., concur.