408 So.2d 662 (1981)
The STATE of Florida, Appellant,
v.
M.T.S., a Child, Appellee.
No. 81-325.
District Court of Appeal of Florida, Third District.
December 29, 1981.
Rehearing Denied January 27, 1982.
Jim Smith, Atty. Gen. and Alan T. Lipson, Asst. Atty. Gen., for appellant.
Joseph M. Gersten, Miami, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
NESBITT, Judge.
M.T.S. was born displaying symptoms of drug withdrawal and there were indications that the infant had sustained brain damage. When the child was only two weeks old, the State of Florida petitioned the circuit court to declare the child a dependent, pursuant to Sections 39.408  39.41, Florida Statutes (1979), alleging as a basis for the dependency adjudication that the child was: (a) abandoned; (b) abused; or (c) neglected as those terms are defined by Section 39.01, Florida Statutes (1979).
The initial hearing was continued because the mother was hospitalized due to her mental condition. At the second hearing, the mother appeared and testified to the following: (1) she had attempted to slash her wrists; (2) another sibling child was in foster care; (3) her sole means of support was $220 received from social security benefits; and (4) she was unable to care for the child because she was suffering from an hereditary mental illness and was presently hospitalized. The child's father was unknown. The infant's maternal grandfather could not accept care for the child because he had no one to look after the child while he worked. Independent evidence also established the mother's incapacity to provide care, nurture, and support to the child. At the conclusion of the hearing, the trial court reserved ruling on the dependency issue and continued the hearing for two months. During that time, the child remained in shelter care. After a third hearing, the court entered the present order denying the petition for a determination of dependency on a finding that the evidence did not activate Chapter 39, Florida Statutes (1979).
The trial court found that the child was not abandoned for a period of six months or longer as required by Section 39.01(1), supra. There was no conduct on the part of the mother that would constitute abuse as defined by Section 39.01(2), supra. The mother cannot be said to have neglected her child as defined by Section 39.01(27), supra, *663 because the court found she was not financially able. See, In the Interest of P.S. v. State, 384 So.2d 656 (Fla. 5th DCA 1980). We agree with these findings by the trial court.
The state then argues that where a child cannot be deemed dependent by virtue of Chapter 39, supra, the circuit court, under its inherent jurisdiction to protect minors, can declare a child dependent. The trial court found that Chapter 39, supra, was the exclusive means by which a child may be declared a dependent. We agree.
Our review of the common law indicates that, historically, ill treatment or neglect would warrant a change of child custody. 14 Ruling Case Law § 46, Infants (1916). Misconduct or unfitness would likewise warrant a change of custody from parent to some third party. 20 Ruling Case Law § 14 Parent and Child (1918). Clearly, by Section 39.01, supra, the Legislature sought to restrict the cases in which a child could be taken away from its parents. Because the same general grounds which existed at common law have been made more stringent by statute, it is apparent that the Legislature has preempted and displaced the common law in this area. See, 3 Fla. Jur. Statutes §§ 112, 130 (1974).[1]
In concluding that Chapter 39, supra, constitutes the sole and exclusive means by which the circuit court can declare a child to be dependent, the trial court also observed that this constituted a "tragic oversight." We reluctantly concur with the ruling of the trial court as well as his commentary. Obviously, there is a hiatus in Chapter 39, supra, whereby a child of a parent who is impoverished and suffering from mental illness, drug abuse or alcoholism will not be protected for six months after the onset of the parent's illness.
Affirmed.
NOTES
[1] We observe that we are not here concerned with a great medical emergency whereby the state would be permitted to take custody of the child in order to provide such treatment. See, In the Interest of Ivey, 319 So.2d 53 (Fla. 1st DCA 1975).