SHAW, Justice.
We have for review In the Interest of B.W., 479 So.2d 740 (Fla. 5th DCA 1985), which expressly and directly conflicts with several decisions of other district courts. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Wirsing’s children were adjudicated dependent and placed in the temporary legal custody of the Department of Health and Rehabilitative Services (HRS) on December 12, 1979. Subsequently, HRS petitioned for permanent commitment of the children, alleging, inter alia, abandonment during the six-month period beginning April 1983. The district court affirmed the trial court’s order terminating Wirsing’s parental rights and permanently committing his children to the custody of HRS under section 39.41(l)(f)l., Florida Statutes (1983) which reads in pertinent part:
(1) When any child is adjudicated by a court to be dependent, the court having jurisdiction of the child shall have the power, by order, to:
[[Image here]]
(f)l. Permanently commit the child to the department or a licensed child-placing agency willing to receive the child for subsequent adoption if the court finds that it is manifestly in the best interests of the child to do so, and:
a. If the court finds that the parent has abandoned, abused, or neglected the child.
Section 39.01(1), Florida Statutes (1983) defines abandonment as
a situation in which a parent who, while being able, makes no provision for the child’s support and makes no effort to communicate with the child for a period of 6 months or longer. If a parent’s efforts to support and communicate with the child during such a 6-month period are, in the opinion of the court, only marginal efforts that do not evince a settled purpose to assume all parental duties, the court may declare the child to be abandoned. (Emphasis added.)
Section 39.01(1), thus, does not provide for the termination of parental rights when abandonment is involuntary, i.e., where a parent is unable to communicate with or financially support a child. In the Interest of P.S., 384 So.2d 656 (Fla. 5th DCA 1980). Accordingly, indigency resulting in an inability to provide support does not constitute abandonment. See In the Interest of *948 J.R.C., 480 So.2d 198 (Fla. 5th DCA 1985). Incarceration does not, as a matter of law, constitute abandonment. Harden v. Thomas, 329 So.2d 389 (Fla. 1st DCA 1976). Further, since as a practical matter, an incarcerated parent is unable to assume all parental duties, his failure to “evince a settled purpose” to assume all duties cannot support a finding of abandonment. This is not to say that an incarcerated parent is incapable of voluntarily abandoning his children under section 39.01. However, his efforts, or lack thereof, to assume his parental duties through communicating with and supporting his children must be measured against his limited opportunity to assume those duties while imprisoned.
The state accused Wirsing of abandonment based on his alleged failure to communicate with or support his children during the six-month period beginning April 1983. The trial court declared Wirs-ing indigent due to his incarceration in an order dated April 25, 1983. Thus, his failure to provide support does not support the finding of abandonment. The trial court further found that Wirsing’s efforts to communicate with the children were only “lip service.” We disagree. He repeatedly requested that the HRS caseworkers and foster parents bring the children to the prison for visits. These requests were not honored. In the face of this lack of cooperation, he continued to express his interest in the welfare of his children in letters to the children themselves, HRS, the foster parents, and school officials. In short, he used those means available to him in maintaining contact with his children. Abandonment must be shown by clear and convincing evidence. In the Interest of R.W., 495 So.2d 133 (Fla.1986). The facts of the instant case do not support such a finding.
The decision of the district court and the trial court’s order terminating Wirsing's parental rights and permanently committing these children for adoption are quashed.
It is so ordered.
McDonald, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and BARKETT, JJ., concur.