576 So.2d 431 (1991)
Edith Anderson LUSZCZYK, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 90-849.
District Court of Appeal of Florida, Fifth District.
March 21, 1991.
*432 Gregory L. Hammel, Melbourne, for appellant.
No appearance for appellee.
PETERSON, Judge.
This is an appeal by the mother of an order of dependency issued pursuant to chapter 39, Florida Statutes (1989). We reverse and remand for a new hearing upon determining that:
I. No written findings of fact were included in the adjudication order as required by section 39.409(3), Florida Statutes (1989).
II. Hearsay testimony of statements made by the child were admitted into evidence without a hearing to determine "that the time, content, and circumstances of the statement provide sufficient safeguards of reliability" as required by section 90.803(23), Florida Statutes (1989).
III. Witnesses testified that they believed the alleged child victim was telling the truth.

I.
The trial court removed the child from the mother's home and gave temporary custody to the paternal grandparents without written findings of fact. Section 39.409(3), Florida Statutes (1989), requires that the court briefly state the facts upon which the finding of dependency is made if the court does not choose to allow the child to remain in the home under supervision. Failure to state the findings is reversible error. Williams v. Department of Health and Rehabilitative Services, 568 So.2d 995 (Fla. 5th DCA 1990); Sigafoos v. Department of Health and Rehabilitative Services, 567 So.2d 1053 (Fla. 5th DCA 1990).

II.
Testimony of the child's out-of-court statements by two psychologists, a pediatrician,[1] the guardian ad litem, and two H.R.S. caseworkers was admitted over the objection that the court had not held a hearing to determine the trustworthiness of the hearsay. The hearing is required by section 90.803(23), Florida Statutes (1989). Failure to conduct the hearing is error. Fuller v. State, 540 So.2d 182 (Fla. 5th DCA 1989). It was especially important to conduct the hearing in this case since the child's testimony was contradicted by the mother and the stepfather; the boy was the subject of a child custody battle in the parents' dissolution proceedings; testimony was offered supporting the mother's and stepfather's versions; and some of the child's testimony was inconsistent with the hearsay testimony. The requirement that the court specifically find reliability is not eliminated because the child testifies.[2]Id.

III.
The trial court allowed a psychologist, H.R.S. caseworkers, and the guardian ad litem to testify over objection that in their opinions the child was telling the truth. It is error to allow witnesses to give *433 their opinions as to the truthfulness of a child. Tingle v. State, 536 So.2d 202 (Fla. 1988) (error to allow counselor and social worker to testify that they believed the alleged child victim was telling the truth); Fuller v. State, 540 So.2d 182 (Fla. 5th DCA 1989) (error to allow member of child protection team to testify that he believed the alleged child victim was telling the truth); Davis v. State, 527 So.2d 962 (Fla. 5th DCA 1988) (error to allow psychologist to testify that an alleged child victim was telling the truth).
We reverse the order of dependency and remand for a new hearing.
REVERSED and REMANDED.
GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] After the objection, the court apparently admitted the pediatrician's testimony pursuant to section 90.803(4), Florida Statutes, and the mother did not argue that this exception to the hearsay rule did not apply.
[2] Once the reliability determination is made, the trial court may find relevant this court's recent decision in Kopko v. State, 16 F.L.W. D508, ___ So.2d ___ (Fla. 5th DCA February 14, 1991).