586 So.2d 496 (1991)
In the Interest of R.J., L.B., L.J., and T.J., each a child.
No. 91-227.
District Court of Appeal of Florida, First District.
September 30, 1991.
Reese A. Waters, Jr., Jacksonville, for appellants.
Lewis Buzzell, John Alexander, and Theodore M. Johns, Asst. Dist. Legal Counsel, HRS, Jacksonville, for appellee.
SHIVERS, Judge.
This is an appeal by Faye Johnson, the mother of four minor children  R.J., L.B., L.J., and T.J.  of an order terminating her parental rights with regard to each child. Johnson argues on appeal that the trial court erred in terminating parental rights in several respects, two of which we find to require remand to the trial court.
Since the beginning of these proceedings in 1987, the father of the three oldest children  L.J., T.J., and L.B.  has usually been referred to as Wilbur Johnson, while the father of the youngest child  R.J.  has almost exclusively been referred to as Ronald *497 Thomas.[1] Although Johnson's whereabouts have remained unknown since that time, Thomas has consistently been involved in the Department's proceedings, to the extent of stipulating with the mother in December 1987 to the children's dependency and entering into a performance agreement with the Department in December 1988 with regard to R.J. In addition, the judicial review reports contained in the record indicate that Thomas visited with R.J. and occasionally purchased items of clothing for her until at least June 1989, at which time he was incarcerated on a charge of murder. Even after his incarceration, the reports indicate that he continued to call R.J. on occasion. According to the last report contained in the record, Thomas was serving a 25-year sentence for murder as of June 1990.
In September 1990, the Department filed petitions for termination with regard to all four children but, based on a birth certificate which listed R.J.'s father as Wilbur Johnson, Thomas was not provided with notice and a copy of the termination petition. A termination hearing was then conducted in December 1990, during which the attorney for the Department explained to the court that it had "dropped" Thomas and, therefore, that he had no rights to terminate. Consequently, the court entered an order finding, among other things, that the "parental rights of the children's mother, Faye Johnson, and of the children's father, unknown, are permanently terminated, and they shall have no further access to or contact with the children." Ironically, the order indicates that copies of the order were sent to "parents" Faye Johnson and Ronald Thomas.
Because Thomas has consistently been referred to by the Department throughout these proceedings as the father of R.J., we remand the matter for the trial court to provide Thomas the opportunity to show cause as to why he should be made a party to these proceedings, in accordance with section 39.462(1)(a)(2), Florida Statutes.
In addition, we find the trial court's order to be insufficient for failure to comply with section 39.467, Florida Statutes (Supp. 1990). Section 39.467 sets out both the factors to be considered and evaluated by the court, and the required bases for the court's termination of parental rights. Specifically, section 39.467(1) states that the court, in the hearing for termination, "shall consider the grounds for termination and the manifest best interests of the child." Section 39.467(2) states that, "[f]or the purpose of determining the manifest best interests of the child, the court shall consider and evaluate all relevant factors including, but not limited to," the factors listed in subsections (a) through (k). Further, section 39.467(3) provides as follows:
(3) The determination of the court regarding termination of parental rights shall be based upon its finding that the following is proven by clear and convincing evidence:
(a) The child was adjudicated dependent pursuant to s. 39.409; and
(b)1. A disposition order was entered pursuant to s. 39.41;
2. Any of the elements of s. 39.464 is met; or
3. The persons served with notice under s. 39.462 fail to respond to the notice as provided in s. 39.462(1)(d); and
(c)1. The parent was informed of his right to counsel in the dependency proceeding pursuant to the Florida Rules of Juvenile Procedure;
2. The parent was informed of his right to counsel after the filing of the petition to terminate parental rights including the right of an indigent person to be represented by court appointed counsel; and
3. The parent made a knowing, intelligent, and voluntary waiver of the right to counsel if the parent is not represented *498 subsequent to the filing of a petition to terminate parental rights; and
(d)1. A performance agreement or permanent placement plan as defined in s. 39.01 has been offered to a parent; or
2. Any of the elements of s. 39.464 is met; and
(e) The parent who is offered a performance agreement or permanent placement plan has failed to substantially comply with the agreement or plan. This failure to substantially comply is evidence of abuse, abandonment, or neglect, unless the court finds that the failure to comply with the performance agreement is due to the lack of financial resources of the parent or parents or due to the failure of the department to make reasonable efforts to reunify the family.
(emphasis supplied)
The court's order terminating parental rights fails to meet the requirements of section 39.467 in several respects. First, although the order states in paragraph (j) that termination of parental rights is in the manifest best interests of the children, neither the order nor the transcript of the hearing indicates that the court considered or evaluated any of the factors listed in section 39.467(2)(a)-(k), or any other factors for that matter, in making that determination.
Second, with regard to the requirements of section 39.467(3), the court properly found that: (1) the children were adjudicated dependent pursuant to section 39.409; (2) the persons served with notice under section 39.462 failed to respond to the notice as provided in section 39.462(1)(d); (3) the mother was represented by counsel at all stages of the proceedings; and (4) a performance agreement was offered to the mother, and several of the elements of section 39.464 were met [abandonment under section 39.464(2); severe or continuing abuse or neglect under section 39.464(3); and abuse, abandonment, or neglect under section 39.464(5)]. The court did not, however, specifically find that the mother had failed to substantially comply with the performance agreement, as required in section 39.467(3)(e).
Third, although the court found the mother to have been guilty of severe or continuing abuse or neglect under section 39.464(3), and of abuse, abandonment, or neglect under section 39.464(5), the court in so finding merely tracked the language of the allegations contained in the Department's petition for termination, and failed to specifically set out findings of fact which would have constituted abuse, abandonment, or neglect as defined in those sections. See section 39.467(7), providing "the judge shall enter a written order with the findings of fact and conclusions of law." See also In the Interest of T.S. v. Department of Health and Rehabilitative Services, 471 So.2d 543 (Fla. 1st DCA 1985).
Last, we note that if it was intended that the parental rights of Wilbur Johnson be terminated, the order did not so adjudge.
We have carefully examined the other allegations raised by the appellant and find them to be without merit. Accordingly, the trial court's order terminating parental rights is remanded for further proceedings not inconsistent with this opinion.
REMANDED.
WOLF, J., and CAWTHON, Senior Judge, concur.
NOTES
[1] In the early proceedings, Wilbur Johnson was referred to as the father of L.B., L.J., and T.J. Later, L.B.'s father was referred to as unknown and William Johnson was referred to as the father of R.J. (as well as L.J. and T.J.).