597 So.2d 398 (1992)
In the Interest of B.T., a child.
No. 91-3016.
District Court of Appeal of Florida, First District.
April 17, 1992.
Reese A. Waters, Jr., Jacksonville, for appellant.
John R. Alexander, Sr. Atty., Dept. of Health & Rehabilitative Services, Jacksonville, for appellee.
PER CURIAM.
The appellant challenges an order terminating her parental rights over B.T., her ten-year-old daughter. Because we agree with the appellant that the trial court failed to include findings of fact in its Order of Adjudication and in its Order of Disposition, we must remand the case without addressing the additional contentions raised by the appellant.
Under section 39.467(7), Florida Statutes (Supp. 1990), a termination of parental rights must be accompanied by a written order with findings of fact and conclusions of law. See also In the Interest of R.J., 586 So.2d 496, 498 (Fla. 1st DCA 1991); In the Interest of T.S. v. Department of *399 Health and Rehabilitative Services, 471 So.2d 543 (Fla. 1st DCA 1985). The instant order terminating appellant's parental rights is quite similar to the one in R.J., supra, which this court remanded for further findings of fact. As in R.J., the order states in conclusory fashion that termination is in the manifest best interests of the child. There is no indication that the court considered or evaluated any of the factors listed in section 39.467(2)(a)-(k), which are essential to the court's assessment of a child's best interests. The trial court also concludes that the mother was guilty of continuing abuse or neglect under section 39.464(3), and of abuse, neglect or abandonment under section 39.464(5), but the court's order merely tracks the language of these subsections without setting out any facts that might constitute abuse, abandonment or neglect within the meaning of the statute.
Although we have excused the absence of factual findings where overwhelming evidence supports the trial court's actions, see In the Interest of A.T. v. Department of Health and Rehabilitative Services, 490 So.2d 155 (Fla. 1st DCA 1986), we are unable to characterize the evidence in the instant case as "overwhelming." Consequently, the order terminating parental rights is reversed, and the case is remanded for the trial court to enter an order containing the necessary findings of fact.
SMITH, WIGGINTON and MINER, JJ., concur.