HALL, Acting Chief Judge.
The appellant, M.P., Sr., challenges a dependency order declaring his son, M.P., a child, to be dependent and directing that M.P. be placed in the custody of B.P.J., M.P.’s mother and one of the appellees herein. The appellant contends that, among other things, the trial court’s order is defective because it fails to set forth the facts upon which a finding of dependency is based. The appellant also asserts that, upon remand, he is entitled to a trial de novo because the trial judge who presided over the lower court proceedings has since retired and a mere replacement judge would be unable to adequately evaluate the credibility of the witnesses or the relevance of certain evidence without conducting a new trial. We agree with the appellant on both points and reverse. Further, since those issues are dis-positive of the case, we do not reach the appellant’s remaining issues.
Though the Department of Health and Rehabilitative Services, also an appellee herein, argues that the facts alleged in its dependency petition should be deemed to be incorporated into the dependency order as a matter of law, we find that failure to state written findings of fact in a dependency order constitutes reversible error. See In the Interest of T.S., 557 So.2d 676 (Fla. 2d DCA 1990); see also Luszczyk v. Dept, of Health and Rehab. Services, 576 So.2d 431 (Fla. 5th DCA 1991). In T.S., this court found that a dependency order stating that “said children were found to be living in the conditions set forth in the petition” failed to properly set forth facts upon which a finding of dependency was based. Since the order in the instant ease fails to set forth any facts upon which the finding of dependency herein is based, it is, without question, defective.
We further find that the instant case should be remanded for a trial de novo pursuant to Avery v. Department of Health and Rehabilitative Services, 586 So.2d 1350 (Fla. 5th DCA 1991) (where, as to the reversal of a dependency order, it is stated that “an order or judgment which is dependent upon findings of fact and conclusions to be drawn from *1052 those facts should be signed by the judge before whom the facts are adduced and by whom the findings are made”), and Williams v. Department of Health and Rehabilitative Services, 568 So.2d 995 (Fla. 5th DCA 1990) (wherein it is stated that “if [a] trial judge is no longer in office ... a rehearing may be necessary”).
Accordingly, the instant case is reversed and remanded for proceedings consistent with this opinion. We do not, however, intend this decision to change the trial court’s previous custody order, provided it continues to be in the best interest of the child to remain with the mother.
PATTERSON and ALTENBERND, JJ., concur.