647 So.2d 311 (1994)
In re L.H., J.H., D.H., and S.H., Children, Marcenia HOWARD, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 94-0792.
District Court of Appeal of Florida, Fifth District.
December 16, 1994.
Douglas D. Marks of Potter, McClelland & Marks, P.A., Melbourne, for appellant.
Patrick E. McClintock, Cocoa, for appellee.
DIAMANTIS, Judge.
Marcenia Howard (the mother) appeals the trial court's final order terminating her parental rights to her four children. Because we agree with the mother that the trial court erred in failing to set forth specific findings of fact to support its conclusion that the mother had abandoned her children, we must remand the case without addressing the additional contentions raised by the mother.
Sections 39.467(7) and 39.468(3) of the Florida Statutes mandate that the trial courts enter written orders containing findings of fact and conclusions of law in all termination cases. See §§ 39.467(7), .468(3), Fla. Stat. (1993). See also In re R.J., 586 So.2d 496, 498 (Fla. 1st DCA 1991). In the instant case, the trial court's order merely contains a finding that the mother failed to make any efforts to comply with her performance agreement. By itself, such a finding cannot support termination of the mother's parental rights based on abandonment. See In re B.T., 597 So.2d 398, 398-99 (Fla. 1st DCA 1992). Accord In re R.J., 586 So.2d 496, 498 (Fla. 1st DCA 1991). See also In re J.A.T., 590 So.2d 524, 526 (Fla. 2d DCA 1991).
The importance of setting forth specific findings of fact regarding abandonment is underscored by the requirement that at trial the state must prove grounds for termination by clear and convincing evidence. See In re R.W., 495 So.2d 133, 135 (Fla. 1986); Kingsley v. Kingsley, 623 So.2d 780, 785-86 (Fla. 5th DCA 1993), rev. denied, 634 So.2d 625 (Fla. 1994); § 39.467(1), Fla. Stat. (1993). This requirement of specific findings of fact, coupled with the constitutionally required elevated standard of proof of clear and convincing evidence in termination cases, will *312 further "`impress the factfinder with the importance of the decision and thereby perhaps ... reduce the chances that inappropriate terminations' will be ordered." Santosky v. Kramer, 455 U.S. 745, 764-65, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (quoting Addington v. Texas, 441 U.S. 418, 427, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979)).
We have recognized the importance of the fact-finding process even in dependency cases where the potential results to the family unit are not as severe as in termination of parental rights proceedings. Consequently, we have consistently enforced section 39.409(3)'s requirement of written findings of fact to support a finding of dependency. See Luszczyk v. Department of Health & Rehabilitative Services, 576 So.2d 431, 432 (Fla. 5th DCA 1991); Williams v. Department of Health & Rehabilitative Services, 568 So.2d 995, 997 (Fla. 5th DCA 1990); Sigafoos v. Department of Health & Rehabilitative Services, 567 So.2d 1053, 1053 (Fla. 5th DCA 1990).
Accordingly, we vacate the trial court's termination order and remand this case for further proceedings consistent with this opinion.
VACATED and REMANDED.
COBB and W. SHARP, JJ., concur.