754 So.2d 714 (1998)
J.R., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES and The Guardian Ad Litem, Appellees.
No. 98-1828.
District Court of Appeal of Florida, Fourth District.
December 9, 1998.
Faith C. Litvack of Thomas R. Garland, P.A., Port St. Lucie, for Appellant.
Crystal Y. Yates-Hammond, Fort Pierce, for Appellee Department of Children and Family Services.
STONE, C.J.
We affirm the judgment terminating Appellant mother's parental rights. The parental rights of the child's father were also terminated, but he has not appealed.
The department initially filed a petition for adjudication of dependency of J.T. in February 1994. At that time he was one month old. That petition alleged that the mother, a known cocaine user, placed her children at risk by moving to avoid eviction, frequently leaving the children unsupervised, and leaving them alone in a crack house. There were additional specific instances of neglect in connection with another child.
The trial court appointed a guardian ad litem. The order, entered on arraignment on the 1994 petition, reflects that the mother was advised of her right to counsel, *715 waived that right, and voluntarily consented to the allegations in the petition for adjudication of dependency. At the time, both parents were incarcerated. The court adjudicated the children dependent and placed temporary custody, over Appellant's objection, with Appellant's mother.
Appellant signed a performance agreement. The document informed her that she had the right to a lawyer's help, and to ask a counselor how to get a lawyer. The agreement advised her not to sign unless she understood and agreed. The agreement included a notice to parents that the placement of the children might result in termination of parental rights, that they had the right to an attorney, and that one would be appointed if they could not afford to pay.
The performance agreement was extended upon Appellant's release from jail, and a new, signed plan was filed with the court in March 1995. On interim review, the trial court ordered that if the parents did not comply with the requirements within five months, then the court would order the department to pursue termination of parental rights.
A review hearing was held in August 1995, at which the department reported that the mother had not substantially complied with the performance agreement. In a status report filed on September 21, 1995, the department asked that supervision be terminated as the father had been re-incarcerated for domestic abuse against the mother and the mother had not substantially complied with her case plan. The trial court order terminated supervision, continued custody with the grandmother, and provided for visitation. The order reflected that the parents had been advised of their right to an attorney and had waived that right. The guardian ad litem was discharged.
In 1996, the grandmother was arrested and charged with aggravated child abuse upon J.T. The trial court appointed counsel to represent the mother at the mother's request, appointed a guardian ad litem, and ordered the child placed in foster care.
In December 1996, the department filed a verified petition for termination of parental rights against both parents. It alleged that while the initial plan was in effect, the mother had had access to counseling and parenting classes in jail but failed to take advantage of them, and had violated the rules of the jail; that the parents continued to engage in conduct threatening the child's life or well-being irrespective of services under section 39.464(1)(c); that the parents had not substantially complied with the case plan negotiated in March 1995, and that that failure constituted continuing neglect; that the mother had an extensive criminal record; that the parents led an unstable, nomadic, existence, abusing drugs, selling illegal drugs from home to support their addictions, and engaging in domestic violence. In July 1997, the department filed an amended petition deleting references to the mother's active cocaine addiction, the parents' abuse of drugs, and drug sales from their home.
The trial took place over four separate dates between May and December 1997, during which the court also heard several motions. At the outset of the trial, the mother sought a continuance because the guardian ad litem had recently requested evaluations of the mother, foster mother, and J.T. However, the trial court, recognizing that the trial could not be concluded in one day and the results could be addressed later, denied the motion.
The mother also moved to dismiss on several grounds: the mother's not having been appointed counsel earlier, complications with her subsequent pregnancy making it impossible to comply with all of her tasks, the mother's requests that the child not be placed with the grandmother, the mother's not having been given a reasonable opportunity to complete her case plan, and improper reliance, in the petition for termination, on allegations of the petition for dependency. She also asserted, as a ground to dismiss, the violation of Florida *716 Rule of Juvenile Procedure Rule 8.525(b), which requires adjudicatory hearings to be held within 45 days after the advisory hearing unless the parties stipulate to a different date. Upon the department's indication that it did not intend to pursue allegations of the original petition concerning the parents' drug addictions, the trial court denied the motion to dismiss and found that the amended petition still alleged sufficient facts which, if proved, would support termination.
In April 1998, the trial court issued its judgment of involuntary termination. The court found that the parents were advised of their rights to counsel throughout the proceeding. It noted that the mother was found not to be in compliance with her case plan both in August and September 1995. The court also found that the mother had not complied by failing to (1) obtain and maintain steady employment, (2) attend and complete parenting classes, (3) provide a safe home environment free of persons involved in illegal activities, and (4) maintain contact with the child on a consistent basis. It found the failure to comply was not due to financial problems or the department's failure to make reasonable efforts. The court concluded that the mother's failure to substantially comply with the performance agreement, and to have seen the child but "one time between March 19, 1994, and the date of the hearing," was evidence of continuing abuse, neglect, and abandonment. It also concluded that the mother's actions demonstrated a continuing threat to the child's life or well-being.
The mother asserts that the amount of time it took to try the case was prejudicial to her. She complains that the trial was not held within forty-five days after the advisory hearing, pursuant to rule 8.525(b), Florida Rule of Juvenile Procedure. However, she does not state when the advisory hearing took place and instead argues that the trial itself took place over an extended period of time, when the court had hearing time available, from May until December. However, we note that Appellant herself requested a continuance on the first day of trial. In any event, dismissal cannot be the remedy for failure to conclude the trial promptly enough. There is no rule concerning holding the trial over a period of time when the court has hearing time available. Certainly, there is nothing out of the ordinary about such a practice, given the extensive testimony in this case involving numerous witnesses testifying as to the department's efforts over a period of years. We find no error or abuse of discretion in connection with the time frame involved.
We recognize that the trial court's order was in error concerning the mother's visitation, in that it stated that the mother had visited the child "only one time between March 19, 1994, and the date of the hearing." In fact, the record reflects it was clear that the mother was incarcerated and unable to visit until February 1995, and the single visit was made while the child was with the grandmother; the mother did visit the child regularly after his return to Stuart in August 1996. The trial court's concern was, however, that there was only one visit prior to the trial court's decision to place the child in long-term relative placement.
Although the mother testified and contends that she completed parenting classes, she offered no supporting documentation, and there was sufficient evidence in the record on which the trial court could find that she did not complete the classes.
The mother argues that her rights should not be terminated solely for failure to comply with a case plan, citing In Interest of R.W., 495 So.2d 133 (Fla. 1986). However, the statute permits termination when one of the circumstances listed in section 39.464(1) is found. One of those, section 39.464(1)(e), Florida Statutes *717 (1995),[1] provides for termination when a child has been adjudicated dependent, a case plan has been filed with the court, and the child continues to be abused, neglected, or abandoned. For this purpose, failure to substantially comply for twelve months constitutes evidence of continuing abuse, neglect, or abandonment. The statute addresses the concern expressed in R.W. See R.A. v. Dep't. of Children and Family Servs., 724 So.2d 574 (Fla. 3d DCA 1998). Section 39.4611, Florida Statutes, requires the petition for termination to contain at least one of the grounds specified in section 39.464, as well as requiring that the parents be informed of the right to counsel, that a dispositional order be entered offering the parent a case plan, and that the child's manifest best interests be served by granting the petition. See § 39.4611(1)(a)-(c), Fla.Stat. (1995). All of these elements were found in the trial court's order and were supported by evidence in the record.
Section 39.406, Florida Statutes (1995), requires that the parent be advised by the court of the right to counsel prior to the adjudicatory hearing in a dependency proceeding. This is a due process right. See In Interest of M.D.A., 517 So.2d 711 (Fla. 4th DCA 1987). The mother argues that all the orders which reflected she had been advised of her right to counsel were not true. However, the record lacks support for the mother's claim.
The judgment is affirmed.
DELL and FARMER, JJ., concur.
NOTES
[1] That provision now appears as section 39.464(1)(f), Florida Statutes (1997).