816 So.2d 838 (2002)
K.E. and K.E., Parents of K.E. and C.E., Children, Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D00-3235.
District Court of Appeal of Florida, Fifth District.
May 24, 2002.
Garrick N. Fox, New Smyrna Beach, for Appellants.
Alexander Alvarez, Assistant District Legal Counsel, Department of Children and Families, Daytona Beach, for Appellee.
THOMPSON, C.J.
K.E. (mother) and K.E. (father) belatedly appeal the termination of their parental rights to two of their children. We affirm.
Termination proceedings involve fundamental liberty interests and rights which are protected by the federal constitution and the Florida constitution. Santosky *839 v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); Padgett v. Dep't of HRS, 577 So.2d 565 (Fla.1991). To justify termination of parental rights, the state must show by clear and convincing evidence that the parents abused, neglected or abandoned the child. Padgett, 577 So.2d at 571. Such a requirement may not be met by showing that the parent is mentally or emotionally deficient or lacks parenting skills. In the Interest of T.D., 537 So.2d 173 (Fla. 1st DCA 1989). Rather, it must be shown that the mental or emotional deficiency of the parent causes abuse, neglect, or abandonment. Id. Only if reunification with a parent poses a substantial risk of significant harm to the child may a parent's rights be permanently severed. Padgett, 577 So.2d at 571.
Further,
any decision to terminate parental rights must be based on a finding that the following elements have been proved by clear and convincing evidence: (1) the child was adjudicated dependent; (2) a disposition order previously was entered; (3) the parent was informed of his or her right to counsel; (4) a performance agreement or permanent placement plan was offered to the parent; and (5) the parent failed to substantially comply with the plan.
S.Q. v. Dep't of H.R.S., 687 So.2d 319, 324 (Fla. 1st DCA 1997) (citing § 39.467(3), Fla. Stat. (1993); In the Interest of R.J., 586 So.2d 496, 498 (Fla. 1st DCA 1991); In the Interest of R., Children, 591 So.2d 1130, 1133 (Fla. 4th DCA 1992)).
The mother does not specifically argue on appeal that the state failed to prove any of those elements. Rather, she argues that she deserves another chance because she has successfully completed drug treatment, she has held down a job, and she is close to the children. In response, the DCF suggests that the trial court should be affirmed on this point because termination was in the manifest best interests of the children. We agree with the DCF. See M.B. v. Dep't of Children and Families, 739 So.2d 716, 717 (Fla. 5th DCA 1999) ("her good intentions for the future do not overcome her past neglect of her children ..."); see also Williams v. Dept. of Health and Rehabilitative Services, 648 So.2d 841 (Fla. 5th DCA 1995) ("a parent's drug addiction is evidence of prospective neglect"); In the Interest of J.L.P., 416 So.2d 1250, 1253 (Fla. 4th DCA 1982) ("[o]ur sympathy for the mother cannot blind us to the overriding concern for the welfare of the child").
Likewise, we agree with the decision to terminate the father's parental rights. As the trial court noted in its termination order:
During the pendency of this case, the father ... was aware of the mother's drug relapse and denied or chose to ignore the risks to the children. The father still does not maintain any permanent housing and neither parent has ... paid child support while these children have been in out-of-home care.
The father repeatedly asked DCF employees to remove the children from his care because he could not care for them. He repeatedly put his children in harm's way rather than protect the children from their drug-abusing mother. Re-unifying these children with their father would pose a substantial risk of significant harm to them. See Padgett, 577 So.2d at 571.
AFFIRMED.
SAWAYA and ORFINGER, R.B., JJ., concur.