919 So.2d 589 (2006)
W.N., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 3D04-2730.
District Court of Appeal of Florida, Third District.
January 18, 2006.
*590 Karl E. Hall, Jr., Miami, for appellant.
Hillary S. Kambour; Calianne P. Lantz, for appellee.
Before SUAREZ and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
W.N. appeals the final order terminating his parental rights to his child, W.N., Jr. We affirm.
W.N. contends that the order terminating his parental rights should be reversed because there was no evidence of harm to the child, no finding of substantial noncompliance under the twelve-month rule, and because the least restrictive means test was not satisfied. The Department of Children and Family Services ("DCF") asserts that the termination order should be affirmed because it is supported by substantial competent evidence.
DCF took the child into custody when he was eighteen months old after he was hospitalized for ingesting cocaine which the child allegedly found in the play yard next to his parents' apartment.[1] Both parents tested positive for cocaine and other illegal substances the day after the child was removed from their custody. The dependency court accepted a consent plea from both parents wherein W.N. admitted to marijuana, cocaine and alcohol abuse. Both parents entered into a reunification case plan which required W.N., among other things, to participate in a substance abuse program, attend parenting classes, pay child support and remain drug free. W.N. failed to complete the plan even though it was extended beyond twelve months in order to give him the opportunity to do so. The State then filed the petition to terminate W.N.'s parental rights. The mother subsequently surrendered *591 her parental rights to the child, and W.N. proceeded to trial. The trial court issued the present Final Judgment Terminating Parental Rights.
We affirm both grounds upon which the court terminated W.N.'s parental rights under Florida Statutes section 39.806(1)(c) and (1)(e). The trial court first found that W.N.'s drug use, with other factors, threatened the life and safety of the minor child. Section 39.806(1)(c) states that parental rights may be terminated:
When the parent or parents engaged in conduct toward the child or toward other children that demonstrates that the continuing involvement of the parent or parents in the parent-child relationship threatens the life, safety, well-being, or physical, mental, or emotional health of the child irrespective of the provision of services....
§ 39.806(1)(c), Fla. Stat. (2005).
A parent's illegal drug use, alone, does not establish that the child's life or safety is threatened. C.C. v. Dep't of Children & Family Servs., 812 So.2d 520, 523 (Fla. 1st DCA 2002). There must be a nexus between the illegal drug use and the child's safety. "This generally requires proof that the parent suffers from a condition that makes probable the prospect of future abuse or neglect of a child and that the condition was one which was likely to continue." R.K. v. Dep't of Children & Families, 898 So.2d 998 (Fla. 5th DCA 2005).
There is substantial competent evidence in this case to support the trial court's finding of a nexus between W.N.'s drug abuse and his ability to provide for the child's health and safety. The record reveals that W.N. entered substance abuse counseling pursuant to the reunification plan not once but twice. He relapsed into drug use after completing each course. He repeatedly tested positive for cocaine and other drugs during the extended period he was given to comply with the reunification plan. He even appeared in court on the last day of trial on drugs and tested positive for cocaine. In addition, at the time of trial, W.N. still lived in the same cocaine-ridden apartment building where the child had ingested the cocaine. He still lived with the child's mother who had surrendered her parental rights to the child and also abused drugs. W.N. failed to visit the child and did not pay child support even though employed. Furthermore, W.N. failed to acknowledge how his "recreational" drug use placed his child at risk or interfered with his reunification with the child. The trial court did not err in terminating W.N.'s parental rights under these circumstances. S.D. v. Dep't of Children & Family Servs., 805 So.2d 10 (Fla. 3d DCA 2001) (affirming termination of mother's parental rights where her drug addiction and domestic abuse problems made it impossible for her to care for the child); C.B. v. Dep't of Children & Families, 879 So.2d 82 (Fla. 4th DCA 2004) (affirming termination of the mother's parental rights where she continued her relationship with the abusive father); J.R. v. Dep't of Children & Family Servs., 754 So.2d 714 (Fla. 4th DCA 1998) (affirming termination of mother's parental rights where she failed to substantially comply with the case plan and the child's best interests were served by the termination).
The trial court also terminated W.N.'s parental rights under section 39.806(1)(e) by finding that W.N. failed to substantially comply with the reunification case plan for a period of over twelve months even though appropriate services were provided. Such failure of substantial compliance is evidence of abuse and neglect and is also grounds for termination. § 39.806(1)(e), Fla. Stat. (2005); M.A.L. v. *592 Dep't of Children & Family Servs., 812 So.2d 447 (Fla. 2d DCA 2002) (affirming termination of father's parental rights where he failed to comply with the case plan by committing a new law violation, violating probation, failing to show that he was attempting to correct a drug problem, and failing to pay child support or establish regular visitation).
W.N. has continued to use drugs despite the State's repeated provision of treatment. He has also failed to comply with the reunification plan after having an extended period of time to do so. In short, the evidence establishes that measures short of termination will not permit the parent-child bond to be safely re-established. D.A.D. v. Dep't of Children & Family Servs., 903 So.2d 1034 (Fla. 2d DCA 2005), review denied, No. SC05-1352, 918 So.2d 291 (Fla. Nov 29, 2005), (holding that father's egregious conduct, chronic abuse of the children, and drug and alcohol abuse that persisted despite treatment demonstrated that there was no less restrictive alternative to terminating his parental rights). We reject W.N.'s argument that he should be given essentially unlimited chances to attend drug treatment, then relapse into drug use. K.E. v. Dep't of Children & Families, 816 So.2d 838 (Fla. 5th DCA 2002) (rejecting the mother's argument that she deserves another chance because she has successfully completed drug treatment, held down a job, and is close to the children, where termination was in the manifest best interests of the children). Without a doubt, "it is far better for th[is] child[] to be placed for adoption with a loving and stable family that it is to have [him] remain in foster care any longer awaiting the rehabilitation of [his] [father] which will likely never occur." Williams v. Dep't of Health and Rehab. Servs., 648 So.2d 841, 843 n. 2 (Fla. 5th DCA 1995) (affirming termination of father's parental rights where he repeatedly tested positive to random drug tests despite treatment, and seemed incapable of terminating or improving his violent, codependent relationship with the children's mother, who was so severely addicted to drugs that she never attempted to comply with her performance agreement and did not contest the termination of her parental rights).
The Final Judgment Terminating Parental Rights is, therefore, affirmed.
NOTES
[1] Neither parent could explain how this occurred.