BENTON, J.,
concurring.
The trial court found that T.O. had abandoned her child O.H. to the child’s grandmother’s care, a finding the evidence supports, in my view. But we have made clear that termination of parental rights is not justified even if abandonment is proven, unless the evidence also shows, and the trial court also finds, that termination is in the child’s best interests.
Full and accurate fact finding is essential not only on the question whether DCFS has authority to terminate parental rights but also on the question whether it is in the child’s best interests to do so. See § 39.809(5), Fla. Stat. (2000); In re L.H., 647 So.2d 311, 311-12 (Fla. 5th DCA 1994); see also In re K.M., 788 So.2d 306, 306 (Fla. 2d DCA 2001) (noting that when at least one of the grounds for termination of parental rights has been established, the “issue then is whether the Department of Children and Families proved by clear and convincing evidence the additional requirement that termination is in the manifest best interests of the children”); L.J.R. v. T.T., 739 So.2d 1283, 1287 (Fla. 1st DCA 1999) (stating that in termination of parental rights proceedings, even when statutory requirements are proven, a trial court still “must determine whether termination of parental rights is in the child’s ‘manifest best interests’ ”).
C.C. v. Dep’t of Child. & Fam. Servs., 812 So.2d 520, 523 (Fla. 1st DCA 2002). Ac *738 cordingly, I agree to “reverse and remand for further consideration.” I.M. v. State, Dep’t of Health & Rehabilitative Servs., 668 So.2d 275, 275 (Fla. 1st DCA 1996).