# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2023-2995
LT Case No. 2020-12053-PRDL

_____

DAMARIS HEDGES,

Appellant,

v.

MAUREEN HAMILTON,

Appellee.

_____

On appeal from the Circuit Court for Volusia County.
James R. Clayton, Judge.

Brian Edward Norton, J.D., Daytona Beach, for Appellant.

Victoria C. Zinn, of Zinn Legal, P.A., Daytona Beach, for
Appellee.

May 30, 2024

WALLIS, J.

Damaris Hedges (Appellant) appeals the denial of her
Suggestion of Capacity. We reverse.

Appellant has been the subject of a guardianship since
November 1999. In March 2023, Appellant filed a Suggestion of
Capacity to restore her legal rights for independent decision-
making pursuant to section 744.464, Florida Statutes

(2023). Following a hearing, the trial court entered the Order Denying Suggestion of Capacity, which specifically stated that "the Ward has not met the burden of clear and convincing evidence that she has obtained capacity."

The appropriate standard for the restoration of capacity is clearly described in section 744.464(3)(b), which states that: "The ward has the burden of proving by a preponderance of the evidence that the restoration of capacity is warranted." It is clear from the language of the subject order that the trial court applied an incorrect burden of proof. This error both appeared on the face of the trial court's order and was raised in Appellant's Motion for Rehearing.

Consequently, we reverse the trial court's order and remand for the Suggestion of Capacity to be judged under the correct standard of proof.[1] *See A.A. v. D.W.,* 326 So. 3d 1186, 1187–88 (Fla. 2d DCA 2021) (reversing final judgment and remanding for correction of error despite lack of transcript because error in final judgment was apparent on its face); *Casella v. Casella*, 569 So. 2d 848, 849 (Fla. 4th DCA 1990) (reversing final judgment where error was apparent on face of judgment and remanding with instructions for the trial court to correct error). If the original trial judge is no longer in office, we order that the successor judge hold a new evidentiary hearing. *See In Interest of M.P.*, 632 So. 2d 1051, 1051–52 (Fla. 2d DCA 1994) (reversing dependency order and remanding for a new trial because the trial judge who presided over the lower court proceedings has since retired and a replacement judge would be unable to adequately evaluate the credibility of witnesses or relevance of certain evidence without conducting a new trial); *Williams v. Dep't of HRS*, 568 So. 2d 995, 997 (Fla. 5th DCA 1990) (vacating order and stating that, on remand, "[i]f the trial judge is no longer in office, we regret that a rehearing may be necessary").

REVERSED and REMANDED with instructions.

---

[1] We reject Appellant's argument that the neuropsychology evaluation was improperly admitted. The trial court did not abuse its discretion in admitting that piece of evidence at the hearing.

JAY and HARRIS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____