501 So.2d 92 (1987)
IN the INTEREST OF J.L.C., G.C., J.M.C., All Children.
No. BN-194.
District Court of Appeal of Florida, First District.
January 15, 1987.
*93 Hal A. Davis, Quincy, for appellant.
W. Douglas Moody, Jr., Tallahassee, for appellee.
PER CURIAM.
The mother appeals an order finding clear and convincing evidence of neglect of her children and ordering permanent commitment and termination of parental rights.
The appellant seeks reversal because she was not provided counsel until the termination hearing. The record contains evidence of neglect presented at that hearing which is sufficient to support the ruling, and it does not appear that the trial court's determination was based on evidence previously adduced at a dependency hearing at which the mother was not represented by counsel. In these circumstances, the mother's right to counsel has been fully satisfied. See Lassiter v. Department of Social Services, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); In re D.B., 385 So.2d 83 (Fla. 1980); compare White v. Department of Health and Rehabilitative Services, 483 So.2d 861 (Fla. 5th DCA 1986).
We likewise conclude that the termination order was based on clear and convincing evidence of neglect adduced at the hearing, and not simply the mother's failure to satisfactorily meet the terms of her performance agreement. Therefore, the ruling is consistent with the recent decision of the supreme court in In re R.W., 495 So.2d 133 (Fla. 1986), and this court in In re P.A.D., 498 So.2d 1342 (Fla. 1st DCA 1986). Those decisions, while holding unconstitutional the statutory provision in section 39.41, Florida Statutes (1985), authorizing termination of parental rights solely for failure to substantially comply with the terms of a performance agreement, do not preclude the trial court from receiving and considering evidence of such failure in conjunction with evidence of neglect.
AFFIRMED.
BOOTH, C.J., and WENTWORTH and ZEHMER, JJ., concur.