582 So.2d 113 (1991)
Bessie BROWN and Jerry Durham, Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 90-1918.
District Court of Appeal of Florida, Third District.
July 2, 1991.
Sanford D. Rockowitz, Miami, for appellants.
Robin H. Greene, Miami, for appellee.
*114 Before FERGUSON, JORGENSON and GERSTEN, JJ.
PER CURIAM.
Three points are raised by the parents[1] in this appeal from an order adjudicating their infant daughter dependent: (1) the mother's constitutional right to due process was violated in that the dependency petition filed by HRS did not specifically allege that the infant was at risk of prospective neglect; (2) the court erred in admitting into evidence the fact that a second child had previously been declared dependent and neglected due to the mother's substance abuse problems; and (3) the competent evidence adduced at trial was insufficient to support the court's finding that the infant was dependent based on prospective neglect. We affirm on the following grounds.
First, the allegations in the dependency petition were adequate to inform the parents of the nature of the cause and to enable them to prepare a defense. Specifically, the dependency petition alleged:
1) That on or about March 23, 1990, said child ... was born with cocaine in her system as a result of her mother's ... substance abuse during pregnancy.
2) That [the mother] admitted to using cocaine during her pregnancy.
3) That [the mother] knew of the adverse effect of cocaine on the child and yet used said drug, thereby placing said child at risk of harm.
4) That [the mother] knew of the adverse effect of cocaine due to her giving birth to [another] cocaine baby ... in 1988.
5) That the mother ... failed to provide adequate shelter, support, care, and maintenance for the children.
6) That on March 23, 1990, the father ... was incarcerated thereby rendering him unable to provide said children with shelter, support, care, and maintenance.
7) That [the other cocaine-exposed child] was examined and evaluated at Jackson Memorial Hospital by Dr. Montana who diagnosed said child as being malnourished and developmentally delayed.
Section 39.01(37), Florida Statutes (1989), specifically defines neglect as "[occurring] when the parent ... deprives a child of necessary food, clothing, shelter, or medical treatment or permits a child to live in an environment when such deprivation or environment causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired." § 39.01(37), Fla. Stat. (1989) (emphasis added). The trial court correctly found that the allegations, which tracked the statute, were adequate to inform the parents of the nature of the charges so as to prepare a defense.
Second, appellants waived any objection to evidence regarding the neglect of the older sibling who had previously been declared dependent due to the mother's substance abuse problems. In order to preserve an alleged error for appellate review, a timely and specific objection must be made. Castor v. State, 365 So.2d 701 (Fla. 1978). It is clear in the record that appellants failed to make an objection when the initial testimony regarding the physical condition of the sibling was given by the HRS counselor. Although appellants made a hearsay objection during cross-examination of the medical expert, there was a prior acquiescence to the substantive admissibility of the evidence:
[Defense Counsel]: Judge, at this point, let me just state, I have no objection at this point, to information about prior children coming in, so [long as] the witnesses are being here to testify.
Further, evidence of prior neglect of another child is admissible to effectuate the liberal construction given to Chapter 39 in guaranteeing a child a safe and nurturing environment free from the prospect of abuse or neglect. See Padgett v. Department of Health and Rehabilitative Servs., 577 So.2d 565 (Fla. 1991) (the termination of a parent's rights in one child under circumstances involving abuse or neglect may *115 serve as grounds for permanently severing the parent's rights in a different child without violating the parent's constitutional rights).
Finally, medical testimony presented at trial, along with the mother's admission to a continuing substance abuse problem, was sufficient to support the trial court's finding that the infant was in danger of prospective neglect. Palmer v. Department of Health and Rehabilitative Servs., 547 So.2d 981 (Fla. 5th DCA), cause dismissed, 553 So.2d 1166 (Fla. 1989).
The adjudicatory order of the trial court declaring the infant dependent is affirmed.
NOTES
[1] The father did not appear and is deemed to have abandoned his appeal.