635 So.2d 44 (1994)
Delana J. CAMPBELL, n/k/a Delana J. Stelly, Appellant,
v.
William E. CAMPBELL, Appellee.
No. 93-1779.
District Court of Appeal of Florida, First District.
January 14, 1994.
*45 Louis K. Rosenbloum and David H. Levin, of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellant.
Laura E. Keene, of Beroset & Keene, Pensacola, for appellee.
BARFIELD, Judge.
The former wife appeals an order modifying a final judgment of dissolution of marriage to increase the former husband's child support obligation and to prohibit future relocation of the minor child without the court's permission. We affirm in part and reverse in part.
The parties' settlement agreement, incorporated into the 1988 final judgment of dissolution, requires only that the former wife, who was designated the primary residential parent, give the former husband sixty days *46 notice of any intended relocation of the minor child now that he has reached the age of six years. When she informed him that she intended to relocate with the child outside the Pensacola area, he filed a petition for modification seeking a change in the child's primary physical residence, or alternatively, a restraining order prohibiting the former wife from relocating the child on a permanent basis. She counter-petitioned for permission to relocate with the child to Lexington, Kentucky, and also sought an increase in child support, plus attorney fees and costs. The trial court allowed her to relocate to Lexington under certain conditions which are not at issue here, but ordered that she was prohibited from further relocation, except back to Pensacola, without the court's permission. It awarded her increased child support, but denied her request for attorney fees and costs.
The trial court's order explicitly found that no change in circumstances had occurred since entry of the final judgment warranting modification of the final judgment with respect to relocation. It therefore abused its discretion in modifying the final judgment to prohibit the former wife from permanently removing the child from the vicinity of Lexington, except to the jurisdiction of the Florida court, without applying for permission to relocate the child. On remand, the trial court shall strike this provision.
Contrary to the former wife's contention, we do not find that the trial court erred in refusing to include as income, for purposes of determining the increased amount of child support, contributions made by the former husband's employer to his profit sharing plan, in light of the former husband's unrebutted testimony that he owns no stock in the company, that the profit sharing plan is not voluntary, and that the contributions to the plan are made by the employer and are not within his control. However, we find that the trial court abused its discretion in failing to award the increased child support retroactive to the date of the petition for modification, because the child's increased need for support and the former husband's ability to pay the increased child support existed at the time the former wife's petition for modification was filed. Anderson v. Anderson, 609 So.2d 87 (Fla. 1st DCA 1992). On remand, the trial court shall amend the order to make the award of increased child support retroactive to the date the former wife's counter-petition for modification was filed.
The trial court also abused its discretion in refusing to award the former wife reasonable attorney fees to be paid by the former husband, based on its improper consideration of the financial resources of the former wife's present husband in determining the relative financial resources of the parties. Azzarelli v. Pupello, 555 So.2d 1276 (Fla. 2d DCA 1989). On remand, the trial court shall order the former husband to pay such reasonable amount of the former wife's attorney fees and costs from the proceedings below as may be found necessary because of the disparate individual economic needs and abilities of the parties.
The former wife's motion for appellate attorney fees is granted. On remand, the trial court shall order the former husband to pay such reasonable amount of the former wife's appellate attorney fees and costs as may be found necessary because of the disparate individual economic needs and abilities of the parties. Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
The order is AFFIRMED in part, REVERSED in part, and the cause is REMANDED for amendment of the order consistent with this opinion.
SMITH and MICKLE, JJ., concur.