635 So.2d 44 (1994)
In the Interest of B.L.B. and J.D.H., Children.
No. 93-463.
District Court of Appeal of Florida, First District.
January 14, 1994.
Bill Salmon, Gainesville, for appellant.
Frances S. Childers, Child Welfare Legal Services, Dept. of Health and Rehabilitative Services, Gainesville, for appellee.
PER CURIAM.
This case is before us on appeal of the trial court's order terminating the parental rights of appellant as to her two children. We reverse and remand for further proceedings.
In the order granting the petition to terminate parental rights, the trial court reviewed the evidence presented at hearing and determined that appellant failed to substantially comply with her performance agreement. We find no error in this regard and affirm the trial court's order as to this issue.
However, after determining noncompliance with the performance agreement, the trial court ordered appellant's parental rights terminated without making any specific finding that the children had been either abused, abandoned, or neglected.
The law is that an order permanently terminating parental rights cannot be based solely on the court's finding that a parent failed to comply with the terms of a performance agreement. In the Interest of R.W., 495 So.2d 133 (Fla. 1986); In the Interest of D.J.S., 563 So.2d 655 (Fla. 1st DCA 1990), citing In the Interest of J.L.C., 501 So.2d 92 (Fla. 1st DCA 1987).
In the instant case, the State adduced evidence tending to establish abuse, abandonment, and neglect, but the trial court, while specifically reciting this evidence, failed to expressly find that one or more of the factors required by section 39.467(3) had been established. The termination of parental rights seems based entirely on the failure to comply with the performance agreement. Therefore, we must remand to the trial court for further findings.
ERVIN, BOOTH and ALLEN, JJ., concur.