664 So.2d 1142 (1995)
Christine COLLUCCI, Appellant,
v.
State of Florida DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 94-1295.
District Court of Appeal of Florida, Fourth District.
December 20, 1995.
*1143 Wayne R. McDonough of Saliba & McDonough, P.A., Vero Beach, for appellant.
Joseph J. Masi, Vero Beach, for appellee.
POLEN, Judge.
Christine Collucci appeals a final judgment of the circuit court, terminating her parental rights as to her then five-year-old son, D.C.[1] Because we deem the judgment does not contain sufficient findings of fact for us to determine whether the statutory requirements for termination of parental rights (T.P.R.) existed, we reverse.
On August 13, 1992, D.C. was found to be a dependent child pursuant to section 39.409, Florida Statutes, and was placed in foster care with the Department of Health and Rehabilitative Services (HRS). Appellant had a history of chronic substance abuse and neglect of D.C., a special needs child. After the determination of dependency, appellant entered into a performance agreement with HRS, as defined in section 39.01, Florida Statutes. She later requested and received an extension of time in which to perform the agreement. However, she never signed the second performance agreement, and raises her failure to sign as a ground for reversal.
Appellant relies on T.S. v. State, Department of Health and Rehabilitative Services, 464 So.2d 677 (Fla. 5th DCA 1985), to support her position that it was error for the trial court to grant the T.P.R. where the second performance agreement was not signed by the mother. However, T.S. is distinguishable, because there, the mother refused to sign the performance agreement and maintained it was never her intention to sign or be bound by it. Here, the appellant requested the extension of time for her own benefit, and therefore cannot challenge her failure to sign as a basis to invalidate the judgment of T.P.R.
We are similarly unpersuaded by the other grounds raised by appellant, save one. Appellant argues that the trial court cannot terminate her rights solely because of her failure to comply with the performance agreement. To be sure, there is ample evidence in the record to support the trial court's finding that Ms. Collucci did not comply with the agreement.
The grounds for granting a T.P.R. are set out in section 39.464, Florida Statutes (1993):
39.464 Grounds for termination of parental rights. The department, the guardian ad litem, or a licensed child-placing agency may petition for the termination of parental rights under any of the following circumstances:
(1) VOLUNTARY RELINQUISHMENT... .
(2) ABANDONMENT... .
(3) SEVERE OR CONTINUING ABUSE OR NEGLECT... .
(4) EGREGIOUS ABUSE... .
(5) ABUSE, NEGLECT, OR ABANDONMENT.  After a performance agreement, permanent placement plan, or offer of service in the nature of a case plan from a child welfare agency has been accepted by the parent or parents, the child is abused, neglected, or abandoned for 6 months or more. The failure of the parent or parents to substantially comply with the performance agreement, permanent placement plan, or offer of services in the nature of a case plan from a child welfare agency constitutes evidence of abuse, neglect, or abandonment under this subsection unless the failure was due to the lack of financial resources of the parent or parents or the failure of the department to make reasonable efforts to reunify the family.
*1144 Further, HRS must prove these grounds exist by clear and convincing evidence. The final judgment found that appellant had not complied with the performance agreement, that it "is in the manifest best interest of the child that parental rights be terminated;" and that the elements of section 39.464 had been met.
In In the Interest of R.W., 495 So.2d 133 (Fla. 1986), the supreme court held that failure to comply with a performance agreement cannot be the sole basis to grant a T.P.R. The state (i.e., HRS) must also prove abandonment, abuse or neglect of the child by clear and convincing evidence. See also In the Interest of B.L.B. and J.D.H., 635 So.2d 44 (Fla. 1st DCA 1994). While the final judgment on review is supported by the record as to the findings made, it contains no findings as to the elements of abuse, neglect or abandonment of D.C.
On remand, the trial court may, in its discretion, make further findings on the existing record. Of course, if the trial court determines further testimony is necessary, it may so require. Finally, it should be clear that the trial court on remand may once again decide to terminate appellant's parental rights. However, we do not deem this to be an exercise of form over substance. While based on the record before us it may seem clear that T.P.R. was a correct decision, due process requires that the trial court make findings as to all the required elements before something as fundamental as terminating a parent's right to his or her child can be affirmed.
REVERSED AND REMANDED.
STEVENSON, J., and SCHAPIRO, SHELDON, Associate Judge, concur.
NOTES
[1] There is no issue before us concerning the rights, if any, of D.C.'s natural father.