675 So.2d 1030 (1996)
Linda ATWELL, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 95-2361.
District Court of Appeal of Florida, Fifth District.
June 28, 1996.
Jane E. Carey, Orlando, for Appellant.
*1031 Patricia A. Savitz, Orlando, for Appellee.
THOMPSON, Judge.
Linda Atwell appeals the termination of her parental rights to M.A. She argues on appeal that the record does not show sufficient evidence of abuse, abandonment or neglect to justify termination.[1] She also argues that the Department of Health and Rehabilitative Services ("HRS") did not make reasonable efforts to help her to comply with the performance agreement. HRS argues that there was clear and convincing evidence that the mother neglected M.A., exposed M.A. to drugs at birth, and failed to substantially comply with the performance agreement because of her continued drug use. Further, HRS argues the trial court properly found that the child would be at future risk because of Atwell's continued drug use. We affirm.
M.A. was adjudicated dependent and placed in HRS foster care because Atwell used drugs during and after her pregnancy. Atwell admitted using marijuana and cocaine during her pregnancy. As a result of Atwell's drug use, M.A. was born with a tumor on her heart which requires her to receive medical services from a cardiac treatment facility. Atwell had also lost custody of M.A.'s older brother as a result of neglect and extensive drug abuse. M.A. came to the attention of HRS because of the dependency proceedings involving her brother.
While M.A. was in the custody of HRS, Atwell agreed to the terms of a performance agreement. The agreement required Atwell to successfully participate in drug counseling and to stabilize her life. The trial court heard the testimony of several counselors in regard to Atwell's failure to substantially comply with the performance agreement. Specifically, the witnesses testified that Atwell: had been incarcerated on three separate occasions subsequent to M.A.'s placement with HRS; failed to enroll in parenting classes at the Center for Drug-Free Living; failed to attend counseling even though it had been arranged by HRS; failed to appear for drug testing so she could be admitted to a drug counseling program; failed to visit M.A. regularly; failed to obtain and maintain stable employment; failed to obtain and maintain suitable housing; and, failed to cooperate with HRS counselors and apprise them of her whereabouts. Finally, there was testimony that Atwell failed to remain drug free. Atwell even appeared at a review hearing smelling of the impurities of alcohol. The court found the only obstacle to Atwell achieving the goals in the performance agreement was her lack of cooperation, and that HRS proved by clear and convincing evidence that Atwell failed to substantially comply with the performance agreement and was a risk to the child because of her drug addiction. Compare Collucci v. Department of Health and Rehabilitative Servs., 664 So.2d 1142, 1144 (Fla. 4th DCA 1995); see also In Interest of B.L.B., 635 So.2d 44 (Fla. 1st DCA 1994).
The evidence is overwhelming that Atwell was addicted to drugs and could not provide a nurturing environment for M.A. Atwell's failure to seek drug treatment is evidence of prospective neglect. See Williams v. Department of Health and Rehabilitative Servs., 648 So.2d 841 (Fla. 5th DCA 1995) (affirming, based on father's continued drug use, trial court's conclusion that father failed to substantially comply with his performance agreement); Brown v. Department of Health and Rehabilitative Servs., 582 So.2d 113, 115 (Fla. 3d DCA 1991) (holding that mother's continuing drug addiction was sufficient to support finding of prospective neglect). Here, prospective abuse served as a proper basis for termination because the evidence showed that the risk of future abuse was likely, considering Atwell's past conduct, and that there is no reasonable basis to conclude that her behavior will improve. Hroncich v. Department of Health and Rehabilitative Servs., 667 So.2d 804, 808 (Fla. 5th DCA 1995). The trial court appropriately determined that returning M.A. to Atwell would place M.A. at a significant risk of neglect and abuse. See In Interest of C.W., 616 So.2d 127 (Fla. 2d DCA 1993) (holding that termination of parental rights may be supported by past neglect in addition to failure to substantially *1032 comply with performance agreement).
Atwell argues that termination of parental rights was improper because HRS failed to make reasonable efforts to assist her compliance with the performance agreement. We reject this argument. The counselors testified that they unsuccessfully encouraged Atwell to visit M.A. regularly, and that drug treatment was arranged, which treatment Atwell did not attend, even though she could attend while incarcerated. Atwell never showed any stability and made no attempt to complete the goals of the performance agreement by completing tasks within her capability. HRS has shown by clear and convincing evidence that reunification with Atwell poses a substantial risk of harm to the child. Padgett v. Department of Health and Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991).
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] See § 39.464, Fla. Stat. (1994 Supp.).