BLUE, Judge.
J.S., the mother of S.S. and C.S., appeals the final order terminating parental rights to her two children. Because the record does not support the order and the trial court improperly shifted the burden of proof in assessing the best interests of the children, we reverse and remand for further proceedings.
Although we reverse, we recognize that the mother’s attitude made this a difficult case for the Department of Children and Family Services and for the trial court. The problems in the relationship between J.S. and the Department began with the original dependency petition involving S.S. In the fall of 1993, S.S. was taken into protective custody when she was approximately two months old because she was “failing to thrive” in her mother’s care. J.S.’s custody of her two-year-old son, C.S., was not affected by these proceedings. S.S. was adjudicated dependent and resided with her father and his wife for several years. When that situation broke down in 1996, the Department obtained judicial approval for reunification with the mother. During this entire time, J.S. had custody of C.S. The record indicates no dependency proceedings involving C.S. prior to December 1996.
In February' 1997, a shelter petition was filed as to both children and a dependency petition was filed as to C.S. based on the family’s deplorable living conditions. In March 1997, the Department filed a motion to terminate parental rights and the case was referred to mediation pursuant to Florida Rule of Juvenile Procedure 8.290.
The stipulated mediation agreement, not a model of clarity, called for J.S. to perform specific tasks within ninety days. Failure to comply with any material part of the amended case plan would result in the Department seeking an adjudication of dependency as to C.S. and termination of parental rights as to both children. The mediation agreement also stated:
If the Court finds that the M[other] has failed to comply with any material part of said [amended case] plan, or of the Mediation Agreement, the Court shall immediately enter a finding that the mother has thereby CONSENTED to the termination of her parental rights to both children, based upon the allegations in the Petition for Termination.
The agreement further required the court to “enter all appropriate and required findings of fact to support a termination.”
For the first three weeks under the mediated agreement, J.S. missed visitations and appointments and did not return phone calls. During this time, J.S. was working full time and establishing an appropriate residence. She obtained a ear, albeit an unreliable one. She did not have a telephone. She obtained electricity, which was disconnected and then reconnected. The Department filed a motion to terminate parental rights and obtained an order of foster care placement of the two *346 children. At this point in time or shortly before, J.S. began complying with all conditions of the mediated performance agreement. She attended the required sessions with counselors at the Family Continuity Program and was making significant progress in that program.
At the termination hearing, J.S. objected on the grounds that she had not breached a material part of the agreement and termination was not in the best interests of the children. The Department proceeded solely on the basis that the mediation agreement had been materially breached during the first three weeks. J.S. agreed she had failed to maintain proper communication and keep appointments during the three-week period. She testified that during this period she had extensive car problems, no telephone, and was working to obtain the housing and steady employment required by the agreement.
Two counselors from the Family Continuity Program were called as witnesses by the Department to verify the failures of J.S. during the three-week period. When J.S. attempted to establish on cross-examination that she had been enrolled in the program with perfect attendance for the two months preceding the hearing, the Department objected and convinced the trial court that any activity following the three-week period was irrelevant. The trial court determined that J.S. had materially breached the mediation agreement during the three-week period, and that the breach, coupled with the consent-to-termination clause, satisfied the Department’s burden of proof.
Following the above ruling, the hearing continued on the question of “the manifest best interests of the children.”[1] The Department presented an affidavit of a staff member stating that termination would be in the best interests of the children. This affidavit was prepared prior to the mediation and approximately six months before the termination hearing. The guardian ad litem testified, in response to questioning by the trial court, that she agreed with termination and had been unable to contact the mother during the three-week period. The guardian ad litem did not testify on the question of manifest best interests of the children, except to admit on cross-examination that she was aware J.S.’s counselors from the Family Continuity Program opposed termination and held the opinion that termination was not in the best interests of the children.
Both of the Family Continuity Program counselors testified that J.S. was progressing in the program. Both felt termination would not be in the best interests of the children, although the trial judge in questioning the witnesses was successful in having them agree to some discomfort with their opinions.
The trial court ruled that the parental rights of J.S. should be terminated based on her material breach of the mediation agreement with its consent-to-termination clause. The court also found the Department’s evidence supported termination in the manifest best interests of the children, and that “[t]he objections by the Family Continuity Program representatives to termination of parental rights of the mother were not supported by clear and convincing evidence and do not outweigh the overwhelming evidence to the contrary.” (Emphasis supplied).
The procedures for termination of parental rights are set forth in chapter 39, Florida Statutes (1997). Section 39.4612 provides that “[i]n a hearing on a petition for termination of parental rights, the court shall consider the manifest best interests of the child.” Eleven factors are then set forth for the court’s consideration and evaluation. Additionally, the burden is on the petitioner, here the Department, to establish by clear and convincing evidence the elements required for termination of parental rights. See § 39.467.
Termination of parental rights is a serious matter that involves constitutionally protected liberty interests. See In re R.W., 495 So.2d 133 (Fla.1986) (and cases cited therein). “The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been mod *347 el parents or have lost temporary custody of their child to the State.” Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Substantive due process requires that grounds for termination of parental rights be shown by clear and convincing evidence before the State may sever the rights of a parent in their natural child. See Santosky.
We are troubled by the mediated eonsent-to-termination clause in this case. First, we agree with the recent statement by the Fourth District that “it would be helpful to all parties concerned if mediated agreements in dependency proceedings were clearer as to the procedures that will and will not apply in the event of noncompliance.” A.G. v. Department of Children & Family Servs., 716 So.2d 792, 794 (Fla. 4th DCA 1998). Second, the termination in this case was found justified on the basis of three weeks of noncompliance with a portion of the stipulated agreement. We are not prepared to say we would never approve a termination achieved in this manner, but it certainly raises a red flag. However, we need not address that concern as our reversal is based on other matters.[2]
We conclude the record does not support the termination of parental rights in light of the testimony by the counselors from the Family Continuity Program, to which J.S. had been referred by the Department. The mediation agreement provided a ninety-day period within which J.S. was to satisfy the agreement’s requirements. The final hearing was actually held less than ninety days from the date of the stipulated mediation agreement. Further, we hold the trial court improperly shifted the burden in assessing the evidence when it found that testimony from the counselors in favor of J.S. was not supported by clear and convincing evidence. The parent in a termination case has no burden of proof. The State, through the Department of Children and Family Services, must present clear and convincing evidence for termination of parental rights. Ae-cordingly, we reverse and remand for further proceedings.
Reversed and remanded.
PATTERSON, A.C.J., and CASANUEVA, J., Concur.

. At this point in the hearing, the trial judge, whether out of frustration or because of time restraints, began examining and cross-examining the witnesses on behalf of the Department.

. Although not raised as an issue on appeal, we are also troubled by the trial judge's manner of questioning witnesses. The trial court’s examination and cross-examination of witnesses clearly supported the Department’s position, rather than merely asking for clarifying information which is permissible.