816 So.2d 194 (2002)
T.C.B., Mother, Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D01-1402.
District Court of Appeal of Florida, First District.
May 7, 2002.
*195 Edith E. Sheeks, Tallahassee, for Appellant.
Michael T. McGuckin, Tallahassee, for Appellee.
BROWNING, J.
Appellant appeals the trial court's final order terminating her parental rights pursuant to a settlement agreement between the parties. As grounds, Appellant argues that because she never signed the offer of settlement, the settlement contract was void ab initio; the settlement contract was void as against public policy and contravenes the legislative intent of chapter 39, Florida Statutes (2000); her signed surrenders of her children were executed under duress and withdrawn; and her due process rights were violated because the statutory elements necessary for termination of parental rights were not established by clear and convincing evidence in an adjudicatory hearing, as required by section 39.809(1), Florida Statutes (2000). Appellee, the Department of Children and Families (Department), contends there is no evidence that Appellant moved to withdraw her surrenders or otherwise requested the court to find her surrenders were obtained through fraud or duress, and the final order found, by clear and convincing evidence, that Appellant failed to substantially comply with her case plan. We agree with Appellant that the settlement contract providing for her executed surrenders and consents to be delivered for use by the Department should Appellant default under her case plan contravenes the legislative intent of section 39.806(1)(a), Florida Statutes (2000), and is void as *196 against public policy. Accordingly, we reverse and remand.
Appellant first became involved with the Department in December 1998, when Department records indicate it received a report that Appellant had engaged in domestic violence in the presence of her children. The children were placed in foster care on December 19, 1998, and adjudicated dependent. Appellant was given a case plan requiring her to complete substance abuse and social assessments; not expose her children to domestic violence; follow through on the recommendation of a certified domestic violence program (later designated as New Hope); seek assistance in seeing her children's needs are met; pay court-ordered child support; and visit her children a minimum of twice per week. Subsequently, the court added two tasks: complete parenting classes and maintain a stable, legal, and verifiable source of income for six months.
The Department subsequently sought to terminate Appellant's parental rights for failure to substantially comply with her case plan by failing to pay child support; maintain a stable, legal and verifiable source of income for six months; and complete a "certified" domestic violence class, because the domestic violence counseling programs she had attended were not "certified."
On December 21, 2000, Appellant, through counsel, made an offer of settlement or compromise to the Department. The terms of the settlement provided, in pertinent part, that in return for the Department's cancellation of a termination of parental rights trial, Appellant would immediately begin to complete the remaining tasks under her case plan without fail, and without missing one appointment or class "for any reason." If Appellant defaulted under her case plan "in any manner whatsoever," upon the filing of an Affidavit of Default, the Department would be entitled to receive the executed surrenders for Appellant's children, held by counsel in trust, "without further notice, delay or hearing." After modifications not pertinent to this appeal, the Department accepted Appellant's proposal.
On March 9, 2001, the Department filed a "Verified Notice of Non-Compliance with Court Ordered Agreement and Verified Motion for Immediate Delivery of Natural Mother's Surrenders of Parental Rights" (Verified Motion). The Department alleged it received a monthly progress report from the New Hope program that indicated Appellant missed classes and had been dropped from the program because she failed to pay. The Department asserted that, as a result of Appellant's breach, it was entitled to immediate delivery of Appellant's executed surrenders and entry of a Final Judgment of Termination of Parental Rights. Based on the Verified Motion, the trial court entered its Final Order Terminating Parental Rights (Final Order), which committed the children to the Department's permanent custody for adoption. The Final Order was based, in part, on the agreement for delivery of Appellant's executed surrenders based on Appellant's subsequent default. In so doing, the trial court erred.
A contract is void as against public policy when it is "injurious to the interests of the public, or contravenes some established interest of society." Hall v. O'Neil Turpentine Co., 56 Fla. 324, 47 So. 609, 612 (1908) (quoting Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 So. 761, 762 (1907)); Gonzalez v. Trujillo, 179 So.2d 896, 898 (Fla. 3d DCA 1965) (same); Neiman v. Galloway, 704 So.2d 1131, 1132 (Fla. 4th DCA 1998) (same). We interpret the legislative intent behind section 39.806(1)(a), Florida Statutes, to permit a parent to seek termination of his or her *197 parental rights by voluntarily and unequivocally surrendering his or her children to the State. Conversely, Appellant's surrenders were executed to forestall termination of her parental rights, not effect them. The surrenders were used as a "bargaining chip" in an agreement whereby the Department would not seek to terminate Appellant's parental rights and would give Appellant "one last chance" to complete her case plan and regain custody of her children. However, if Appellant "defaulted" "in any manner whatsoever," the Department was entitled to use the surrenders to terminate Appellant's parental rights "without further notice, delay or hearing," and upon the Department's filing of an affidavit of default, the trial court would find the surrenders freely and intelligently entered "without duress or harm and without notice or hearing." Thus, the surrenders provided for a forfeiture of Appellant's due process rights, to be used in the event Appellant "breached" her agreement to complete her plan successfully, "for any reason," even those beyond her control. It appears that, through use of the agreement, which contracted for Appellant's surrenders, the Department attempts to circumvent the statutory requirement that the grounds upon which termination of parental rights are based be proven by clear and convincing evidence. We find the use of the surrenders in the manner accepted and employed by the Department contravenes the legislative intent of section 39.806(1)(a), Florida Statutes, and is injurious to the societal interest that recognizes natural parents' fundamental liberty interest in the care, custody, and management of their children, "free from the heavy hand of government paternalism." Padgett v. Dep't of Health & Rehab. Servs., 577 So.2d 565, 570 (Fla.1991); Santosky v. Kramer, 455 U.S. 745, 754, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (holding natural parents have a fundamental liberty interest in the care, custody, and management of their child); see also S.Q. v. Dep't of Health & Rehab. Servs., 687 So.2d 319, 323 (Fla. 1st DCA 1997) (noting "[n]atural parents have a fundamental liberty interest in the care, custody, and management of their children"). Accordingly, we find the executed surrenders, and the settlement agreement whereby the Department obtained the executed surrenders, are void as against public policy.
Further, in any circumstance that provides for termination of parental rights upon the failure of a parent to perform a state-imposed condition, an adjudicatory hearing must be held wherein the Department must establish the elements required for termination of parental rights by clear and convincing evidence, through use of the rules of evidence applied in civil cases. § 39.808(4), Fla. Stat. (2000); § 39.809(1), (3), Fla. Stat. (2000); see also In the Interest of S.S. and C.S., J.S. v. Dep't of Children & Families, 723 So.2d 344, 347 (Fla. 2d DCA 1998) (holding "[s]ubstantive due process requires that grounds for termination of parental rights be shown by clear and convincing evidence before the State may sever the rights of a parent in their [sic] natural child."). Moreover, the trial court's final order terminating parental rights must contain specific findings of fact supported by that evidence. In the Interest of L.T. and C.T. v. Dep't of Health & Rehab. Servs., 464 So.2d 201, 202 (Fla. 5th DCA 1985). Absent proof by clear and convincing evidence that the statutory elements of abuse, neglect, or abandonment are present, failure to substantially comply with a performance agreement cannot be the sole ground upon which to terminate parental rights. S.Q., 687 So.2d at 324; Collucci v. Dep't of Health & Rehab. Servs., 664 So.2d 1142, 1143 (Fla. 4th DCA 1995). Moreover, parental rights cannot be terminated *198 simply because the parent is poor, uneducated, and without sufficient financial resources to care for her children in the manner the Department deems advisable, or because she has not been a model parent. In the Interest of J.R.C. and L.R.C. v. Dep't of Health & Rehab. Servs., 480 So.2d 198, 199 (Fla. 5th DCA 1985); see also Collucci, 664 So.2d at 1143 (holding termination improper where parent's failure to substantially comply with performance agreement was due to the lack of financial resources); Santosky, 455 U.S. at 754, 102 S.Ct. 1388 (holding "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State"); In the Interest of S.S. and C.S., J.S., 723 So.2d at 346-347 (same).
Because we conclude the trial court erroneously relied upon the executed surrenders, at least in part, to effect termination, upon remand it is directed to reevaluate Appellant's compliance with her original case plan. If Appellant is found to have substantially complied, termination proceedings should cease, and the children should be returned to Appellant's custody. If the termination proceedings continue, an adjudicatory hearing must be conducted wherein the Department must establish the elements required to support termination by clear and convincing evidence, using the rules of evidence applicable in civil cases. We remind the trial court of the well-established premise that "where there is a choice to be made between a natural and an adopted status[,] the welfare of the child[ren] strongly favors the former[,] absent strong and compelling reasons to the contrary." Petition for Adoption of an Infant by Richard T. Vermeulen v. Vermeulen, 114 So.2d 192, 196 (Fla. 1st DCA 1959); see also Roy v. Holmes, 111 So.2d 468, 471 (Fla. 2d DCA 1959) (noting that "except in cases of clear, convincing and compelling reasons to the contrary[,] the child[ren]'s welfare is presumed to be best served by care and custody in the natural family relation by [their] natural parents, and the transitory failures and derelictions of the parents might justify temporary deprivation of custody ... but seldom the permanent deprivation of parental rights with the finality of an adoption decree."); Meyers v. Shifrin, 146 So.2d 770, 772 (Fla. 3d DCA 1962) (same). Because Appellant and her children have been separated for over three years, and in the children's interest in finality, we direct proceedings to be held without delay.
REVERSED and REMANDED for proceedings consistent with this opinion.
DAVIS and BENTON, JJ. concur.