SILBERMAN, Judge.
The Department of Children and Family Services (DCFS) and the guardian ad li-tem challenge the trial court’s amended order denying a petition for termination of the parental rights of L. MeC., the mother. Because the record reflects that there was no proper basis for the trial court to deny termination, we reverse.
D.N.O., the child, had been sheltered with DCFS since his birth on February 12, 1998. His father was unknown, and his mother was incarcerated but later released. Within two months after his birth, the child was adjudicated dependent. A case plan was prepared and approved by the trial court. In June 1999, DCFS filed its first petition for termination. After a mediation and modification of the case plan, the petition was voluntarily dismissed.
DCFS filed a second petition for termination in February 2001. DCFS alleged various grounds in support of termination: 1) the mother failed to comply with the provisions of the case plan; 2) the circumstances which caused the creation of the case plan had not been significantly remedied; 3) the mother’s efforts to support and communicate with the child were marginal and did not evince a settled purpose to assume all parental duties; 4) the mother had abandoned the child; 5) the mother’s conduct demonstrated that her continuing involvement in the parent-child relationship threatened the child’s life, safety, well-being, or physical, mental, or emotional health irrespective of the provision of services; and 6) the child continued to be abused, neglected, or abandoned by the mother. The petition also alleged that it was in the manifest best interest of the child to terminate the mother’s parental rights.
DCFS had the burden to prove the elements required for termination by clear and convincing evidence. § 39.809(1), Fla. Stat. (2000); In re S.S., 723 So.2d 344, 346-47 (Fla. 2d DCA 1998). Where clear and convincing evidence is required, the trial court’s findings should not be overturned on appeal unless the findings are clearly erroneous or lacking in evidentiary support. The Fla. Bar v. Hooper, 509 So.2d 289, 290 (Fla.1987); In re D.J.S., 563 So.2d 655, 662 (Fla. 1st DCA 1990).
In this appeal, DCFS argues that it met its burden of proof, that denial of termination was not supported by the evidence and was clearly erroneous, and that termination was in the child’s manifest best interest. We agree.
At the termination hearing, DCFS presented evidence that the mother had . a lengthy criminal and drug history. Since 1977, she had been incarcerated at least nine times. She did not have custody of any of her four children, and her parental rights had been terminated to at least one of the other children.
After the child had been adjudicated dependent, the mother received referrals for drug treatment and for anger management and parenting classes. She acknowledged that she failed to complete the programs and classes, stating that program supervision was hard on her and that she could not accept it. Other testimony established that she was extremely resistant to the services that were offered, and she had little motivation to participate in the services.
Additional evidence indicated that the mother moved out of state and had shown no stability as to employment or housing. *1066 She failed to make significant progress toward completing tasks that were on her case plan,. and she did not make any substantial effort to provide for the child, to have a relationship with the child, or to assume her parental duties. The mother had little contact with the child, even when she was not incarcerated. During the six month period prior to the termination hearing, she recalled having one visit with the child.
Evidence was also presented that the child was happy and in a stable, successful placement with a foster parent. He had been in that placement since birth or shortly thereafter. The guardian ad litem testified that there was no maternal bond between the child and the mother, the child would not be harmed by termination of the mother’s parental rights, and it would not be in the child’s best interest to be, returned to the' mother.
In opposition to the petition, the mother testified as to her desire to retain her parental rights. She stated that in Alabama, one week before the termination hearing, she had completed a parenting class and had been assessed concerning substance abuse and anger management. However, as noted by the trial court, the mother had not started therapy or treatment.
The record reflects that the evidence presented in support of termination was generally unrebutted and met the clear and convincing standard. However, the trial court denied the petition for termination stating that the mother’s efforts to initiate services in Alabama “more than compensate for her other failings.” DCFS correctly argues that while the mother may have made some minimal effort prior to the hearing in order to avoid termination of her parental rights, the record requires reversal and entry of an order of termination.
Reversal of the denial of a petition to terminate is appropriate when the trial court’s denial was not supported by the evidence and was not in the child’s best interest. See Dep’t of Children & Families v. C.F., 788 So.2d 988, 988-89 (Fla. 3d DCA 1998). While the trial court may have been moved by the mother’s professed desire to do better, her good intentions for the future do not overcome her past neglect and abandonment and her failure to complete drug treatment and other tasks contemplated by the case plan. See M.B. v. Dep’t of Children & Families, 739 So.2d 716, 717 (Fla. 5th DCA 1999).
The trial court referred to In re F.C., 780 So.2d 159 (Fla. 2d DCA 2001), as a basis for denial of the petition for termination. There, the evidence led to the conclusion that the parent showed a settled purpose to assume his parental duties. The father complied with most of the case plan tasks; he resumed visitation after a lengthy period of sporadic visitation; and he obtained stable housing, completed a parenting class, was evaluated by a psychologist, and frequently called the department counselor to discuss what he needed to do to be reunited with the children. Id. at 161.
Here, while the mother professed her desire to retain her parental rights, she made little effort to perform her parental duties or to comply with the case plan. Her completion of a parenting class just prior to the termination hearing and her initiation of contact for possible services in Alabama did not negate her long history of noneompliance with the plan and her neglect of the child. See M.B., 739 So.2d at 717. While denial of termination may be appropriate where the parent evinces a settled purpose to assume parental duties, the record before us does not support such a conclusion. See § 39.01(1), Fla. Stat. *1067 (2000); Webb v. Blancett, 473 So.2d 1376, 1378 (Fla. 5th DCA 1985).
Because DCFS proved by clear and convincing evidence that termination of the mother’s parental rights was warranted and in the manifest best interests of the child, the order denying termination is reversed and remanded with directions that an order be entered terminating the mother’s parental rights. See C.F., 788 So.2d at 988-89.
Reversed and remanded.
WHATLEY and SALCINES, JJ., Concur.