# Third District Court of Appeal

## State of Florida

Opinion filed March 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-1564 & 3D24-1573
Lower Tribunal No. 24-15011 D003

_____

**S.B., the Mother,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Angelica D. Zayas, Judge.

Joyce Law, P.A., and Richard F. Joyce, for appellant.

Karla Perkins, for appellee Department of Children and Families; Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Caitlin E. Burke, Senior Attorney, Appellate Division (Tallahassee), for appellee Guardian ad Litem.

Before LOGUE, C.J., and GORDO and LOBREE, JJ.

LOGUE, C.J.

In these consolidated appeals, S.B., the mother, seeks review of an order and amended order adjudicating her two children, L.R. and K.R., dependent. We affirm.

The Mother first argues that the trial court lacked jurisdiction to enter the amended order under review. After a two-day hearing ending on June 4, 2024, the trial court adjudicated the children dependent. This first order of adjudication was entered on July 23, 2024, nunc pro tunc to June 4, 2024.

The Father, whose parental rights were adjudicated in the same proceeding, moved for rehearing on July 30, 2024 on the ground that the order failed to contain sufficient findings of imminent harm, as required by section 39.01(15)(f), Florida Statutes. The trial court held a hearing on the Father's motion for rehearing on August 1, 2024. At the hearing, the Mother joined the motion and the Department of Children and Families agreed to the motion. As clearly reflected in the transcript, the trial court expressly granted the motion and directed the parties to submit new proposed orders.

On August 22, 2024, the Mother filed an appeal of the first order of adjudication believing it was necessary for her to protect her right to appeal. The trial court ultimately signed the amended order of adjudication on August 28, 2024, nunc pro tunc to June 4, 2024.

In arguing the trial court lacked jurisdiction to enter the amended order,

2

the Mother relies on Florida Rule of Juvenile Procedure 8.265(b)(3), which provides: "The court must rule on the motion for rehearing within 10 days of filing or it is deemed denied." She contends the motion was deemed denied as a matter of law, and the trial court lost jurisdiction when the court's verbal ruling was not reduced to writing within ten days. We decline to read this Rule of Juvenile Procedure so narrowly. Having verbally ruled within ten days, including directing the parties to submit proposed orders, the trial court retained jurisdiction to reduce its ruling to writing.

The Mother next argues that the record lacks sufficient evidence of "substantial risk of imminent abuse, abandonment, or neglect" required by section 39.01(15)(f). "A court's final ruling of dependency is a mixed question of law and fact and will be sustained on review if the court applied the correct law and its ruling is supported by competent substantial evidence in the record." L.C. v. Dep't of Child. & Fams., 315 So. 3d 66, 68–69 (Fla. 3d DCA 2020) (quoting M.F. v. Dep't of Child. & Fams., 770 So. 2d 1189, 1192 (Fla. 2000)).

The two children at issue, L.R. and K.R., were three and four years old and non-verbal at the time of the hearing. The evidence at the dependency hearing indicated the Department petitioned to have the two children declared dependent after an infant sibling died from an unsafe sleeping

3

arrangement. The investigation revealed alcohol use was involved in the circumstances leading up to the death. After hearing the testimony of the Mother, Father, Medical Examiner, and Child Protective Investigator, the trial court expressly found that the infant died due to the neglect of the parents. It is well established that "evidence of prior neglect of another child is admissible to effectuate the liberal construction given to Chapter 39 in guaranteeing a child a safe and nurturing environment free from the prospect of abuse or neglect." Brown v. Dep't of Health & Rehab. Servs., 582 So. 2d 113, 114 (Fla. 3d DCA 1991). Such evidence includes the death of a sibling. R.B. v. Dep't of Child. & Fams., 283 So. 3d 410, 415 (Fla. 3d DCA 2019).

The trial court also expressly found that the testimony of both parents at trial was not credible on critical points. The trial court determined the parents exhibited a lack of understanding concerning how their behavior put the children at risk. At the time of the hearing, the family was homeless and declined shelter. The two children declared dependent are particularly vulnerable because they are non-verbal. If one removed the factor of the death of the sibling, these circumstances may not suffice to declare the children dependent. But the death of the sibling was entitled to great weight in the trial court's consideration when deciding whether harm to these children was imminent.

We emphasize that the primary purpose of a petition for dependency is to protect the children, not to punish the parents. See § 39.001, Fla. Stat. We recognize that the Father and Mother suffered a debilitating loss in the death of their infant. Indeed, the favored result of a dependency action is the reunification of the parents with their children pursuant to a case plan which provides needed support and services – if this can be done safely. As has been pointed out by this Court before, the adjudication of dependency need not signal the end of the parents' relationship with the children, but perhaps a new beginning. R.B., 283 So. 3d at 415.

Affirmed.